ARKANSAS NATIONAL BANK *v.* McILROY BANKING COMPANY.

Opinion delivered March 12, 1917.

1.  APPEAL AND ERROR—JURISDICTION OF TRIAL COURT AFTER APPEAL.—Where a trial court renders a final judgment and an appeal is prosecuted to the appellate court, the trial court is without jurisdiction to render a further judgment concerning the subject matter of the litigation.

2.  APPEAL AND ERROR—SALE OF STOCK HELD AS SECURITY—RIGHT TO OBJECT.—One S. was indebted to appellant and to appellee, the

latter holding certain shares of stock as security for its debt.    *Held,* where the shares of stock held by appellee were sold under order of the court in an action in which appellant had sued both S. and appellee, and in which appellee had filed an answer and cross-complaint praying that it be done, and where appellant's counsel was present when the order was made, that appellant could not later object, and ask that the sale of the stock be made a second time in a separate action against appellee.

Appeal from Washington Chancery Court; *Hugh A. Dinsmore,* Special Chancellor; affirmed.

*O. P. McDonald,* for appellant.

1.    The chancellor had no jurisdiction, either of the subject-matter, or the parties on May 22, 1915.    The appeal suspends all action in the lower court and the case was absolutely removed to the higher court.    29 Ark. 97; *Ib.* 321-2; 84 *Id.* 213; 93 *Id.* 223; 2 Cyc. 908; 20 *Id.* 1240; 26 Ark. 414; 88 *Id.* 329; 37 *Id.* 318; 38 *Id.* 394; 20 Enc. Pl. & Pr. 1245-6-7.

2.    Appellant had a first and prior lien on all of defendant's property, and the judgment was void and a sale would cloud plaintiff's title.    30 Ark. 594; 48 *Id.* 331; 33 *Id.* 778; 37 *Id.* 511; 39 *Id.* 196; 37 *Id.* 646; *Ib.* 511, 516; 97 *Id.* 135; 87 *Id.* 85; 85 *Id.* 5, 6, 8.    The judgment was subject to attack collaterally.    101 Ark. 391; 105 *Id.* 89; 91 *Id.* 528.

3.    The sheriff should have been required to sell as a junior lien holder.    The order declining to subject the collateral stock was appealable.

4.    No crossbill had been filed by the bank.    Appellant was entitled to special equities by reason of its vigilance.    It was error to assess all costs against appellant.    There is not a word of proof that appellant was present as a party.    Consent can not give jurisdiction.    90 Ark. 198; 34 *Id.* 399; 70 *Id.* 347.

5.    One who first brings suit in equity acquires the first lien.    67 Ark. 325, 630, 640; 81 *Id.* 439; 105 *Id.* 202, 205.

*E. P. Watson* and *John Mayes,* for appellee, McIlroy Banking Company.

1.   The appeal is not perfected until the transcript is filed in the Supreme Court.  72 Ark. 475; 88 *Id.* 391.   The court below had jurisdiction to proceed with the cause until the Supreme Court acted on motion or otherwise.   54 Ark. 353.

2.   The order of the chancellor was not appealable. It was not a final order.   Kirby's Digest, § 1188.   The decree retained the cause for future judicial determination.   2 Enc. Pl. & Pr., p. 66, note 2; 4 Ark. 255; 52 *Id.* 224; 54 *Id.* 79; 122 *Id.* 151; 92 *Id.* 173; 80 *Id.* 563.   There was nothing to appeal from.

3.   The judgment of May 22, 1915, is *res adjudicata.* Appellant had notice and was not damaged.   It can not attack the judgment collaterally.   122 Ark. 72; *Ib.* 252; 95 *Id.* 302.   No valid defense is alleged.   54 Ark. 341; 83 *Id.* 21; 89 *Id.* 163; 95 *Id.* 302.

4.   The judgment recites, "All parties at interest being present," etc., and "by consent this cause is submitted," etc.   This is conclusive.   A corporation can not appear except by attorney.   2 Enc. Pl. & Pr. 669; Fletcher on Eq. Pl. & Pr. 217; Barb. Ch'y Prac. 87, 212-13; 172 Ill. 386; 50 N. E. 194; 31 Cyc. 521.   All presumptions are in favor of the regularity of the decrees and orders of courts of superior jurisdiction.   50 Ark. 338; 57 *Id.* 628; 61 *Id.* 464; 75 *Id.* 176; 68 *Id.* 211.   The burden was on appellant to show it was not present and has failed.

5.   A cross-complaint was filed.   The records and recitals show it.

6.   The reversal of the judgment and decree for appellant in case against Stuckey destroyed its lien.  3 Corp. Jur. 1263, 1374; 54 Ark. 239; 17 A. & E. (2 ed.), 807; 86 Pac. 15; 4 Corp. Jur., p. 1181, § 3214.   On remand of the cause, it was the duty of the court to comply with the mandate.   60 Ark. 50.

7.   Plaintiff had full opportunity to purchase the stock, but declined to do so.   Plaintiff's complaint was properly dismissed.

McCulloch, C. J.   This is an action instituted in the chancery court of Washington County by appellant Ark-

ansas National Bank, to annul a decree rendered by said court in favor of appellee McIlroy Banking Company against W. L. Stuckey. The facts concerning the litigation in which said decree was rendered are set forth in the opinion of this court on a former appeal in the case of *Arkansas National Bank* v. *Stuckey,* 121 Ark. 302, and on the second appeal of said cause decided this day, *infra,* page 76. McIlroy Banking Company held, as a pledge from Stuckey, certain shares of stock in the Ozark White Lime Company (a domestic corporation) of the par value of $17,400, and was made a party defendant in the suit of Arkansas National Bank against Stuckey, and the prayer of the complaint was that McIlroy Banking Company be required to sell said pledged stock, and the surplus proceeds of the sale, if any, be applied on the claim of Arkansas National Bank against Stuckey. McIlroy Banking Company filed an answer in that case, admitting that it held the shares of stock in said corporation as a pledge, and set forth the amount of the debt of Stuckey to secure which the pledge was made. The answer concluded with the following statement and prayer: "And it tenders said collateral to said bank if it will pay said sum and interest, and then prays for all equitable relief."

The decree in the case of Arkansas National Bank against Stuckey was rendered on March 12, 1915, and there was a decree in favor of *Arkansas National Bank* v. *Stuckey* for recovery of a certain amount, but the attachment in the case was dissolved and an appeal was prosecuted to the Supreme Court. The chancery court entered no decree or order with respect to requiring McIlroy Banking Company to sell the pledged stock, but there was a recital in the decree showing that that question was left undetermined and was reserved for further adjudication. The decree now sought to be annulled was rendered on May 22, 1915, in favor of McIlroy Banking Company against W. L. Stuckey, and the contention of appellant is that on account of the appeal to the Supreme Court, the chancery court was without jurisdiction to proceed any further in the cause. It is also contended that the state of

the pleadings at that time did not warrant the court in granting affirmative relief to McIlroy Banking Company against Stuckey. The well-settled rule is, of course, that where a trial court renders a final judgment and an appeal is prosecuted to the appellate court, the trial court is without jurisdiction to render a further judgment concerning the subject-matter of the litigation. The fact is, however, in the present case, that the court had not adjudicated any matter which concerned the rights of the McIlroy Banking Company, but expressly reserved the decision of that issue in the case. The appeal from the decree settling the issue between the Arkansas National Bank and W. L. Stuckey did not have the effect of suspending the jurisdiction of the court over the issue between appellant and McIlroy Banking Company. The court having reserved those issues from the adjudication, it could take them up for decision at any time.

There is a sharp conflict in the testimony as to the circumstances under which the decree in favor of McIlroy Banking Company against Stuckey was rendered. That decree was for the recovery by McIlroy Banking Company from W. L. Stuckey of the sum of $7,375.64, and the clerk of the court, as commissioner, was directed to sell said pledged stock at public auction, upon notice, for the purpose of paying off said indebtedness to McIlroy Banking Company, and the court directed said commissioner to pay McIlroy Banking Company out of the proceeds of said sale, and that the surplus, if any, be held subject to the further order of the court. The clerk, as commissioner, carried out the order of the court by selling the pledged shares of stock, and McIlroy Banking Company became the purchaser of said shares at the price of $5,000, and credited the same on its decree, leaving a balance of $2,375.64 unpaid on the decree. The McIlroy Banking Company then caused an execution to be issued and levied on certain real estate and on shares of stock owned by Stuckey in another corporation. The decree recited that it was rendered upon the cross-complaint of McIlroy Banking Company against Stuckey, but the con-

tention of appellant is that there was no cross-complaint filed and no pleading at all filed by McIlroy Banking Company except the answer hereinbefore mentioned. The evidence also shows that the attorney for the appellant was present at the time of the rendition of decree of McIlroy Banking Company against Stuckey, and that no objection was made. There is, as stated before, a sharp conflict in the testimony, but we are of the opinion that the finding of the special chancellor who heard this cause that there was a cross-complaint filed by McIlroy Banking Company, and that the attorney for appellant Arkansas National Bank was present at the rendition of the decree, was not against the preponderance of the evidence. It is by no means clear that it was essential to the jurisdiction of the court that an additional cross-complaint should have been filed. The answer of McIlroy Banking Company contained a prayer for relief in response to the complaint of appellant Arkansas National Bank demanding that it bring into court its shares of stock that the same might be sold. The record shows that before the decree was rendered in favor of McIlroy Banking Company, Stuckey entered his appearance to the cross-complaint, and even if it be found that no additional pleading was filed by the McIlroy Banking Company, it would seem that a decree in its favor against Stuckey was justified.

The decree compelling a sale of the shares of stock for the purpose of satisfying the debt of McIlroy Banking Company for which the pledge was given was precisely what the Arkansas National Bank, as plaintiff in that suit, had demanded in its complaint and its rights were not prejudicially affected by that decree. It is true that appellant's complaint against McIlroy Banking Company and Stuckey asked that a lien be decreed in its favor on the surplus proceeds after the payment of the debt of McIlroy Banking Company, but the terms of the decree rendered in favor of the McIlroy Banking Company did not conflict with the rights asserted by appellant, for the commissioner was directed to hold the surplus, if any, subject to the further order of the court.

However, we think that the court was justified in finding from the evidence that the additional cross-complaint was filed by McIlroy Banking Company, and that Stuckey, through his attorney, entered appearance. The court having jurisdiction to render the decree, the only further question in the case is whether or not any advantage was taken of the appellant in the rendition of the decree at that time. Certainly there could have been no advantage taken if the attorney for appellant was present and decree rendered without objection on his part, and that is what the special chancellor found from the testimony, which we think does not preponderate against that conclusion.

The effect of that decree was to settle an issue which had been expressly reserved by the court for further consideration and as the decree did not prejudicially affect the rights of appellant, it is difficult to see how it can now complain in a separate action seeking to annul the decree. It is not contended that there was any unfairness about the sale of the stock made by the commissioner, and the sale was duly confirmed upon the report of the commissioner, and that matter is eliminated from the consideration of the case.

The question of priority of liens of the respective decrees in favor of the Arkansas National Bank and McIlroy Banking Company was discussed in detail and decided in favor of the former in the opinion of this court delivered today in the other case, and that question can not be disposed of in the present case, which is merely an attack on the validity of the decree itself. We find no error in the proceedings, and the judgment is affirmed.

HUMPHREYS, J., disqualified and not participating.