VALENDA BLEIDT *v.* 555, INC.

5-6123                                           485 S.W. 2d 721

Opinion delivered October 23, 1972

*Boyett & Morgan,* by: *Denny P. Petty,* for appellant.

*Troy Wiley* and *Glenn Walther,* for appellee.

*Charles Brown,* for Architectural Products, Inc., and Binswanger Glass Company.

## PER CURIAM

Motion of Architectural Products Company and Binswanger Glass Company for partial remand (in which Nabholz Construction Corporation and St. Paul Fire & Marine Insurance Company joined) is denied because movants are not parties to this appeal and because jurisdiction of the issues on the interpleader filed by Nabholz Construction Corporation is not vested in this court by the present appeal. The trial court retains jurisdiction to proceed with the disposition of those issues as if this appeal had never been taken.

—

JOHN A. FOGLEMAN, Justice. Architectural Products, Inc., and Binswanger Glass Company filed a motion asking this court to remand this case to the Chancery Court of Pulaski County to the extent necessary to invest that court with jurisdiction to try issues among J. E. Lightle, Jr., as receiver of HLB Enterprises, the movants, Nabholz Construction Corporation and St. Paul Fire &

Marine Insurance Company. Nabholz and St. Paul joined in the motion. Appellee 555, Inc., admits that the relief sought by Architectural Products, Inc., and Binswanger could not in any way affect the rights of the parties to the appeal or the funds held by the receiver to which they are entitled regardless of the outcome of this appeal. None of the movants was a party to the proceedings at the time appellant Valenda Bleidt took this appeal. We have denied the motion by per curiam order, which would ordinarily constitute the only action here. Because of the question posed here, however, we deem it advisable to issue an opinion for the convenience of the bench and bar.

In order that the question presented by the motion be understood, we outline the background as disclosed by the motion and responses. In April 1971, Searcy Glass Company, a subsidiary of HLB Enterprises, Inc., contracted to furnish certain labor and materials to Nabholz Construction Corporation, the prime contractor in the construction of a hospital. Binswanger furnished glass and Architectural Products, Inc., furnished aluminum windows to Searcy Glass Company.

On November 19, 1971, HLB brought an action for damages for trade slander and breach of a covenant not to compete against 555, Inc., and Glen Capps in the Circuit Court of Pulaski County. 555 answered and obtained permission to make appellant Bleidt, First Security Bank and Associates Capital Company third party defendants, alleging that all of them claimed security interests against HLB and foreclosure of these security interests and determination of the rights of these third parties would be necessary. 555 then filed a counterclaim and a cross-complaint against Valenda Bleidt, First Security Bank, Associates Capital Company and Monark Boat Company, claiming that its lien was superior to theirs. 555 also asked that a receiver be appointed to take charge of the assets of HLB. On motion of 555, the cause was transferred to equity on January 3, 1972.

On April 5, 1972, the chancery court entered the decree from which this appeal was taken. The plaintiff had

taken a nonsuit, so the cause was heard upon the counterclaim and cross-complaint of 555, and the complaints of Valenda Bleidt and First Security Bank for foreclosure. The decree included judgments in favor of the Bank and appellant Bleidt who were held to have security interests in assets of HLB. The court declared that the lien of First Security Bank was paramount to those of the others then parties to the proceeding and that the security interest of Valenda Bleidt was inferior to that of First Security Bank, but paramount to those of all other parties. The court appointed J. E. Lightle, Jr., receiver to take charge of the assets of HLB and hold them subject to further orders of the court. Appellant Bleidt gave notice of appeal from this decree on April 27, 1972.

On August 11, 1972, Nabholz intervened and interpleaded $5,574, alleging that this was the total balance due HLB upon the contract and joined Architectural Products and Binswanger as parties to the action. On August 22, 1972, this appeal was docketed here. On August 30, 1972, Architectural Products and Binswanger cross-complained against Nabholz and the surety on its payment and performance bond, St. Paul Fire & Marine Insurance Company. The matter was set for trial on October 25, 1972, but movants alleged, and it is not denied, that the chancery court will decline to proceed with the trial of the issues raised as a result of the interpleader on the ground that the appeal has deprived that court of jurisdiction.

The rule that an appeal divests the trial court of jurisdiction applies only to matters necessarily or directly involved in the matter under review. It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. Matters which are independent of, or collateral or supplemental, are left within the jurisdiction and control of the trial court, notwithstanding the appeal. *Coleman* v. *Fisher*, 66 Ark. 43, 48 S.W. 807; *Arkansas National Bank* v. *McIlroy Banking Company*, 128 Ark. 81, 193 S.W. 278; 4A C.J.S. 399, 413, Appeal and

Error, §§ 608, 618; 4 Am. Jur. 2d 834, Appeal and Error § 355.

The cases cited above were decided before the adoption of Act 555 of 1953, but there is nothing in that act which changes the rule there delineated and applied.

The motion is denied because the movants are not parties to this appeal and because the chancery court has not, by this appeal, been deprived of jurisdiction of the issues they seek to have determined in that court.