UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas LANCI (80–5239) and Anthony Liberatore (80–5246), Defendants-Appellants.

No. 80–5239, 80–5246.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 14, 1981.

Decided Jan. 12, 1982.

A. Richard Valore, Kalk & Valore (Court-appointed), Edward F. Marek, Federal Public Defender, Cleveland, Ohio, for defendants-appellants in No. 80–5239.

William C. Bryson, Washington, D. C., for plaintiff-appellee in No. 80–5239.

Elmer Giuliani, James R. Willis, Cleveland, Ohio, for defendants-appellants in No. 80–5246.

John F. Sopko, Strike Force, Cleveland, Ohio, for plaintiff-appellee in No. 80–5246.

James R. Williams, U.S. Atty., Cleveland, Ohio, Louis M. Fischer, Appellate Section, Criminal Division, Washington, D. C., for plaintiff-appellee in both cases.

Before WEICK * and LIVELY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

LIVELY, Circuit Judge.

The defendants appeal from their jury convictions of one count of conspiracy and one count each of bribery of an FBI employee, in violation of 18 U.S.C. §§ 201(b)(3) [1] and 371. There was evidence that a co-defendant, Kenneth Ciarcia, who pled guilty to all present charges shortly prior to trial, had induced a clerical employee of the Cleveland office of the FBI, Gerri Rabinowitz, to divulge to him confidential information from FBI files, including two lists of FBI informants. Ms. Rabinowitz who pled guilty to charges of bribery, received $1,000 on one occasion and $14,900 on another, both from the defendant Liberatore. The defendant Lanci was present on the second occasion and took part in discussions concerning Ms. Rabinowitz's need for $15,000 in connection with the purchase of a home. Lanci suggested that Liberatore lend her the money. There was no promissory note to evidence a loan. The money was carried in a brown paper bag which was delivered by Liberatore to Ms. Rabinowitz.

Some months after the exchange of the $14,900 a box of FBI documents (or copies thereof) was discovered on the premises of an automobile agency where both Ciarcia and Ms. Rabinowitz's husband worked. The FBI materials were the documents which Ms. Rabinowitz had purloined, and their

---

* Circuit Judge Weick retired from regular active service under the provisions of 28 U.S.C. § 371(b) on December 31, 1981, and became a Senior Circuit Judge.

1. 18 U.S.C. § 201(b)(3) provides:

    (b) Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official, or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—

    *    *    *    *    *    *

    (3) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of his lawful duty, * * *

discovery led to her arrest, confession and conviction. Ms. Rabinowitz testified that she did not consider either the $1,000 or the $14,900 payments as having been given in exchange for the information which she took from the FBI files.

### A.

On appeal the defendant Liberatore made four arguments as follows:

ARGUMENT NO. I:

The court erred in finding a conspiracy existed that included this defendant and one James Licavoli, which determination was essential to the admission of certain prejudicial testimony provided by the witness Fratianno.

ARGUMENT NO. II:

The court erred or abused his discretion in redacting virtually the entirety of the contents of various documents admitted as evidence, particularly the so-called FBI informant's list, which documents and list were submitted to the jury as those stolen and supposedly sold by the FBI clerk to this appellant and others.

ARGUMENT NO. III:

The court erred in its charge to the jury as to the elements of the substantive offense of bribery, as charged herein.

ARGUMENT NO. IV:

There is insufficient evidence to support a finding of guilt beyond a reasonable doubt.

■ There was evidence from which the district court could find that James Licavoli was a member of a conspiracy which included Liberatore. Since this was so the witness Fratianno was properly permitted to relate statements of Licavoli concerning Liberatore under the co-conspirator exception to the hearsay rule. Rule 801(d)(2), Fed.R.Evid.

■ As to the second argument, we conclude that the district court did not abuse its discretion in removing the names of informants from the list provided by Ms. Rabinowitz. The court found that the lives of informants might be endangered by further dissemination of their names. The dis-

trict court conducted the required balancing of interests in reaching its decision on this issue. See *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957).

■ We find no merit in the third and fourth arguments. Viewing the court's instruction on the bribery charge as a whole we find that the jury was properly charged on the elements of the offense. The contention that the evidence was insufficient to support conviction is based on the defense that the payments to the FBI employee were not made in return for her agreement to provide, and actually providing, confidential information. The jury was not required to believe such testimony, but could infer that the payments were made for the stolen materials. When viewed in the light most favorable to the government, as it must be following conviction, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the evidence was clearly sufficient to support a finding beyond a reasonable doubt of Liberatore's guilt.

### B.

The defendant Lanci presented his argument in the form of five issues:

I.  WHETHER APPELLANT–DEFENDANT, THOMAS LANCI, WAS DENIED A FAIR TRIAL BY THE TRIAL COURT'S EXCLUSION OF EXCULPATORY EVIDENCE AND/OR FAILURE TO GRANT A SEVERANCE

II.  WHETHER THE DISTRICT COURT ERRED IN ITS CHARGE TO THE JURY

III.  WHETHER THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN THE JURY VERDICTS ON COUNTS II AND IV

IV.  WHETHER THE EIGHT YEAR SENTENCE IMPOSED ON LANCI VIOLATED THE DOUBLE JEOPARDY PROHIBITION AGAINST MULTIPLE PUNISHMENTS FOR THE SAME ACT

## V. WHETHER THE DISTRICT COURT LACKED JURISDICTION AFTER APPELLANT LANCI FILED A NOTICE OF APPEAL

Most of these arguments do not require extended discussion. Though the evidence did not place him at the center of the conspiracy or show his involvement in the actual payment as clearly as Liberatore's, it was sufficient to support the jury's verdict finding Lanci guilty. He was present during the discussion of the $15,000 payment and actually suggested the loan device. His fingerprints were found on a number of the stolen FBI documents. Furthermore, several of the requests by co-defendant Ciarcia for FBI information related to Lanci. The fact that the final payment was made after the last delivery of FBI documents is immaterial. The jury could infer that the payment was made then in carrying out an earlier agreement to pay when the information had been delivered.

■ As with Liberatore, there is no merit to Lanci's assertion that the jury charge was either inadequate or erroneous. Further, the sentence imposed on Lanci did not violate the constitutional prohibition against double jeopardy. *United States v. Austin,* 529 F.2d 559 (6th Cir. 1976), is distinguishable. Each of the offenses for which Lanci was sentenced in the present case required proof of at least one element not required for conviction of the other. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ When the present cases were set for trial, all defendants took an interlocutory appeal to this court from the district court's denial of their motions to dismiss the indictment on double jeopardy grounds. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Their claim was based on the fact that the State of Ohio had previously prosecuted the defendants for some of the same acts which are the basis of the charges in the present case. This court found no double jeopardy, applying the "dual sovereignty" doctrine in an unpublished order. *United States v. Lanci, et al.,* (Nos. 79–5362, 79–5373, 79–5374, 80–5006, 80–5007, 80–5008, 80–5017 and 80–5018, decided and filed July 11, 1980). 627 F.2d 1093. During the pendency of the interlocutory appeal the district court reinstated the counts which are the basis of the convictions from which the present appeal was taken and proceeded with the trial. We conclude that the district court had jurisdiction to proceed, having determined that the interlocutory appeal lacked any "colorable foundation." See *United States v. Leppo,* 634 F.2d 101 (3d Cir. 1980), *cert. denied,* —— U.S. ——, 102 S.Ct. 503, 70 L.Ed.2d 379 (1981); *United States v. Dunbar,* 611 F.2d 985 (5th Cir.), *cert. denied,* 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980).

The claim that Lanci was denied a fair trial by exclusion of exculpatory evidence relates to testimony of the co-defendant Ciarcia given at his earlier state trial for murder. Ciarcia exercised his constitutional right not to testify at the trial of Lanci because a charge was still pending against him. Thus the district court ruled that Ciarcia was unavailable as a witness but excluded the evidence on the ground that it would prejudice the rights of other co-defendants. In the state court testimony which Lanci proffered Ciarcia said that he "imagine[d]" Lanci's fingerprints appeared on the FBI documents because of Lanci's curiosity about the documents. Ciarcia testified that he didn't know whether Lanci "read them [the documents] or glanced through them or what."

■ On appeal Lanci contends that the Ciarcia testimony would have explained the presence of his fingerprints on the FBI documents, and that it was reversible error to exclude it. He relies on Rule 804(b)(1), (3) and (5). Since the United States was not a party to the murder prosecution and the State of Ohio had no "similar motive" to develop the facts concerning the bribery of an FBI employee, Rule 804(b)(1) does not apply. Though the evidence came within the hearsay exception of Rule 804(b)(3) as a statement against interest, Ciarcia's testimony was so uncertain that it was inadmissible for lack of competency. What a per-

son who does not claim to know the facts may imagine or guess the facts to have been is never admissible. Rule 602, Fed.R. Evid., provides in part:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter.

The hearsay exception of Rule 804(b)(3) is subject to the requirement of Rule 602. In *United States v. Lang*, 589 F.2d 92, 97–98 (2d Cir. 1978), the court dealt with this issue as follows:

Despite our holding that Carey was an unavailable witness and that his statement was against penal interest within Rule 804(b)(3), we nonetheless hold that the admission of the tape constituted error requiring a reversal of the conviction. Although that Rule does not expressly incorporate a requirement that the declarant have personal knowledge of the facts to which his statement relates, Fed. R.Evid. 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." The Advisory Committee Note to Rule 803 specifically provides:

In a hearsay situation, the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge. It may appear from his statement or be inferable from circumstances. See Rule 602.

This requirement of firsthand knowledge has "always been inherent in the statement against interest exception ... and is assured by Rule 602." 4 Weinstein's Evidence ¶ 804(b)(3)[02] (1977); accord, McCormick, Evidence §§ 10, 276 (1972); V Wigmore, Evidence § 1471(a) (Chadbourn rev. 1974).

There was no error in excluding the proffered testimony of Ciarcia from the jury's consideration.

On the entire record we conclude that the defendants received a fair trial and that no prejudicial errors occurred in the district court proceedings.

The judgments of conviction are affirmed.