Dennis P. GLICK *v.* STATE of Arkansas

CR 84-56                                     677 S.W.2d 844

Supreme Court of Arkansas
Opinion delivered October 22, 1984

*Gibson Law Office,* by: *Charles S. Gibson,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant, an inmate at the Arkansas Department of Correction (ADC), was tried and convicted in the Jefferson County Circuit Court of escape in the first degree, kidnapping, and two counts of theft of property. His punishment was enhanced because he was found to be an habitual offender. The verdicts were returned on September 27, 1983. The court pronounced sentence but

took under advisement the matter of concurrent and consecutive sentencing.

On September 29, 1983, the court entered a judgment and commitment on the jury verdicts which stated that the appellant was to receive 20 years for escape in the first degree, 20 years each on two counts of theft of property, and a life term for kidnapping. The judgment stated that one of the 20 year sentences for theft of property would be served concurrently with the other theft sentence, and the other sentences would be served consecutively. Notice of appeal was filed on October 26, 1983. On October 17, 1983, appellant, who was confined to the maximum security unit at Tucker, wrote the judge to inquire whether the sentences would be concurrent with the sentences he was already serving. On January 9, 1984, the court entered an "order amending judgment and commitment," in which it found that a clerical error had been made and that the record should be corrected to show that the sentences received by appellant were to be consecutive with any sentences which the defendant was presently serving.

The only assignment of error is that the trial court was without jurisdiction to amend its judgment and commitment. We hold that trial court was without jurisdiction to modify the sentences after appellant commenced to serve the sentences.

This same question was considered in the case of *State* v. *Manees*, 264 Ark. 190, 569 S.W.2d 665 (1978). Manees moved the trial court to vacate or modify his sentences which had been pronounced 2 years earlier. The trial court granted appellant's motion and modified the sentences to run concurrently instead of consecutively, as originally pronounced. The state opposed the motion to modify the sentences. This court upheld the state's contention that the sentence could not be modified when we stated: "Once a defendant is placed in the custody of the [ADC] to the end that he may commence serving his sentence under a valid judgment of conviction, the [ADC] has exclusive jurisdiction for the care, control and supervision of the individual and the trial court has no authority to intervene . . ."

This court considered a somewhat similar case in *Williams, Strandridge & Deaton* v. *State,* 229 Ark. 42, 313 S.W.2d 242 (1958). In the last cited case the clerk made out commitments in conformity with the docket entries and the petitioners were returned to the penitentiary where they were serving prior sentences. The inmates had entered guilty pleas. Two weeks later the court discovered that the commitments were silent as to whether the sentences were to be consecutive or concurrent with the sentences then being served. The court issued new commitments providing that the sentences would be served consecutively. On appeal the state admitted that the court would normally be without jurisdiction to amend a judgment and commitment but argued that the trial court was merely correcting a clerical error. This court agreed that a trial court could correct its judgment to make it speak the truth in aid of the jurisdiction of the appellate court when it otherwise had no power to amend. In reversing the trial court in *Williams* this court quoted *McPherson* v. *State,* 187 Ark. 872, 63 S.W.2d 282 (1933) and stated: "It is uniformly held that a court of record may correct mistakes in its record which did not arise from the judicial acts of the court but from the mistakes of its recording officers." The court held there was no clerical error and reversed the trial court's order changing the sentences to run consecutively.

This court has held that after a valid sentence has been put into execution the trial court has no power or jurisdiction to modify, amend or revise it. *Shipman* v. *State,* 261 Ark. 559, 550 S.W.2d 424 (1977). In the absence of an order to the contrary, sentences are to be served concurrently. Arkansas Stat. Ann. § 41-903(2) (Repl. 1977). Therefore, when the appellant was delivered to the ADC he commenced serving the sentences which were pronounced on September 29, 1983. The judgment and commitment were silent as to whether the sentences were consecutive or concurrent. The action by the court in attempting to modify the sentences was obviously not the correction of a clerical mistake but rather a judicial act.

The appellant contends that notice of appeal and designation of the record terminated the jurisdiction of the trial court. Except for appointment of defense counsel, the

trial court's jurisdiction is not terminated until the record is lodged in this court or the sentence has been put into execution. *Fletcher* v. *State*, 198 Ark. 376, 128 S.W.2d 997 (1939).

The order. of January 9, 1984, is set aside and the judgment entered on September 29, 1983, is reinstated.

Affirmed as modified.

HICKMAN, J., concurs.