Jesse Wayne SMITH *v.* STATE of Arkansas

CR 91-179                                                          821 S.W.2d 774

Supreme Court of Arkansas
Opinion delivered January 13, 1992

*Hurst Law Office*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Jesse Wayne Smith, appeals a decision of the Pike County Circuit Court denying his motions to dismiss the charge of manufacturing a controlled substance with intent to deliver. We find no error and affirm.

Appellant's motions to dismiss were based on former jeopardy grounds. He argues he has once been placed in jeopardy of loss of liberty because a jury was sworn to hear his case. The facts giving rise to this appeal follow.

Appellant's case was set for trial September 21, 1990. He

was to be tried along with his co-defendant, George West, Jr. Jury selection for the consolidated trial began September 17, 1990. On the morning of September 17, 1990, ten jurors were approved by both defendants and the state when the jury panel was exhausted. The trial court recessed until a new jury panel could be assembled at approximately 3:00 p.m. that afternoon.

At some point during this process, appellant and his counsel engaged in plea negotiations with the state. Thus, when the second jury panel was formed, the new veniremen were notified they would be hearing only one case, that of appellant's co-dendant West. In the afternoon hours of September 17, 1990, two more jurors and an alternate juror were selected. Appellant's counsel, who also represented West at this point, continued the selection process and exercised his last strike on one of the original ten jurors; the alternate juror replaced the stricken juror and another alternate was chosen. All thirteen jurors were then sworn to hear the case against West and instructed to return for trial on September 21, 1990.

Appellant's counsel then notified the trial court that appellant's plea negotiations had been withdrawn due to appellant's misunderstanding of the conditions of the suspended sentence. The trial court accepted the withdrawal and stated that the jurors should be instructed to return the next morning to be qualified for appellant's case.

All but one of the jurors returned on September 18, 1990. With the exception of the one nonreturning juror, the first ten jurors, who were originally qualified for both defendants' cases, were seated in the jury box. The additional jurors, who were chosen from the second panel and only qualified to hear West's case, were also present in the courtroom. The selection and qualification proceedings for appellant's case were thus set to begin.

Consistent with the selection procedure used on the previous day, the eleventh and twelfth jurors were selected as well as an alternate; the alternate then replaced the stricken juror and another alternate was chosen. The additional four jurors were qualified by both appellant and the state to hear appellant's case. The four newly-qualified jurors were then sworn to hear appellant's case. The other nine jurors had been qualified to hear

appellant's case, but because of the plea negotiations, had only been sworn for West's case. Thus, the original nine jurors had not been sworn to hear appellant's case. Because one of the nine jurors was not present for the proceedings held on September 18, 1990, the trial court decided to wait until the morning of the trial to swear all of the jurors together. Thus, at the close of the proceedings on September 18, 1990, a full jury had not been sworn to hear appellant's case.

Trial was still set for September 21, 1990, but was continued on motion of appellant's counsel due to a conflict of interest in representing the two defendants in a consolidated trial. The two cases were later severed and appellant's trial was rescheduled for February 15, 1991. On October 4, 1990, and again on January 31, 1991, appellant filed written motions to dismiss the charge based on double jeopardy grounds. Appellant argued that a jury had been sworn to hear his case but that he had never been brought to trial. Appellant claimed that because the jury had been sworn but had never heard his case, jeopardy attached. On June 4, 1991, the trial court entered an order denying, without explanation, appellant's motion to dismiss. It is from this order that appellant appeals.

We have previously held that an order denying a motion to dismiss charges because of double jeopardy is an appealable decision. *Fariss* v. *State*, 303 Ark. 541, 798 S.W.2d 103 (1990); *Jones* v. *State*, 230 Ark. 18, 320 S.W.2d 645 (1959).

The Fifth Amendment to the United States Constitution states, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb[.]"

Article 2, Section 8 of the Arkansas Constitution states, "no person, for the same offense, shall be twice put in jeopardy of life or liberty[.]" With respect to double jeopardy, our statutes provide that:

> A former prosecution is an affirmative defense to a subsequent prosecution for the same offense under any of the following circumstances:
>
> . . . .
>
> (3)    The former prosecution was terminated without

the express or implied consent of the defendant after the jury was sworn or, . . . unless the termination was justified by overruling necessity.

Ark. Code Ann. § 5-1-112 (1987).

We have previously interpreted these laws to mean that:

When the jury is finally sworn to try the case, jeopardy has attached to the accused and when, without the consent of the defendant, expressed or implied, the jury is discharged before the case is completed, then the constitutional right against double jeopardy may be invoked, except in cases of "overruling necessity" . . . . We have found overruling necessity in cases where the defense counsel was intoxicated or a juror was ill. [Citations omitted.]

*Wilson* v. *State*, 289 Ark. 141, 145, 712 S.W.2d 654, 656 (1986).

Appellant claims his liberty was jeopardized when the jury was sworn to hear his case. Thus, he argues, having once been placed in jeopardy of loss of liberty for the manufacturing charge, he cannot be tried for the charge and it should be dismissed. We do not agree that appellant has been placed in former jeopardy and therefore affirm.

Based on the facts discussed at the beginning of this opinion, we agree with the state's argument and we conclude the jury was never sworn to hear appellant's case. Although all twelve jurors and an alternate were qualified to hear his case, only four of them were actually sworn. The record is very clear that, because one of them was not present, the remaining jurors would be sworn when they all returned for appellant's trial. That particular event, the return of the jurors to be sworn for appellant's trial, has yet to occur.

The law recited above is very clear that jeopardy does not attach until the jury has been sworn. *Wilson, supra.* To this date, a jury has never been sworn to hear appellant's case. Therefore, we conclude jeopardy has not attached and the trial

court did not err in denying the motion to dismiss the charge on such grounds.

Affirmed.