David K. CRAIG *v.* STATE of Arkansas

CR 93-639                                    863 S.W.2d 825

Supreme Court of Arkansas
Opinion delivered November 1, 1993

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. David Craig grew a single, large marijuana plant outside his place of business and in plain view. The plant was approximately seven feet tall and six feet wide. Prior to his arrest, Craig had taken some leaves from the plant and was drying them inside his office building.

On September 27, 1992, police officers went to Craig's office, and Craig agreed to speak without an attorney present. Craig

offered that he had cultivated the marijuana plant and knew it was unlawful. The officers seized the plant, as well as the small quantity of dried marijuana found in the building. They arrested Craig and cited him to appear in Springdale Municipal Court on charges of misdemeanor possession of marijuana and felony manufacturing of marijuana.[1] Craig was also charged with these same offenses in Washington County Circuit Court and arraigned on October 7, 1992. On October 13, Craig appeared pro se in the Springdale Municipal Court and pled guilty to possession of marijuana. He was fined $300, had his driver's license suspended for six months, and was assessed court costs of $198.25. Craig satisfied this judgment.

On December 14, Craig, appearing with an attorney, made an oral motion to have both charges in circuit court dismissed for violation of the double jeopardy rule. The circuit court dismissed the possession charge to which Craig had pled guilty in municipal court, but denied the motion to dismiss the felony charge of manufacturing. In February 1993, Craig petitioned this court for a Writ of Prohibition No. CR 93-37, which was dismissed without prejudice so that it could be filed as a regular appeal.

On March 8, Craig was convicted by a jury of manufacturing marijuana and was sentenced to pay a fine of $2,000.[2] His primary argument on appeal is the trial court erred in failing to grant his motion to dismiss both circuit court charges.

As mentioned above, when Craig moved in circuit court to dismiss both the misdemeanor possession and felony manufacturing charges, the circuit judge agreed to dismiss the misdemeanor charge because that charge had already resulted in a conviction by guilty plea in municipal court. The judge was correct in this respect because a conviction bars the subsequent prosecution for the same offense. *See U.S.* v. *Dixon*, 61 U.S.L.W. 4835, 4837

---

[1] While not in issue here, we note for clarity that the Arkansas Constitution requires felonies to be charged by information or indictment, and municipal courts are without jurisdiction to try felony cases. *Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984).

[2] Again, while not in issue, we note that Craig was convicted of a class C felony which prescribes an imprisonment term of not less than three years nor more than ten years and shall be fined an amount not exceeding $10,000. Ark. Code Ann. § 5-64-401(a)(1)(iii) (Supp. 1991).

(1993); *see also* Ark. Code Ann. § 5-1-112(2) (1987). The judge then also ruled that the state could still pursue the manufacturing charge against Craig in circuit court because that felony charge was a separate offense involving a distinct charge relating to marijuana. We conclude the circuit judge was incorrect in this ruling.

Craig relies heavily on *Blockburger* v. *U.S.*, 284 U.S. 299 (1932), when arguing the double jeopardy clause should bar the state's subsequent prosecution against him on the manufacturing charge. The *Blockburger* rule supports his argument. That rule is as follows:

> [W]here the *same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.*
>
> \* \* \*
>
> [A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. (Emphasis added.)

In the present case, Craig admitted to officers that he watered, pruned and generally tended the marijuana plant next to his office building. Such actions on his part clearly violate Ark. Code Ann. § 5-64-401(a) (Supp. 1991), which makes it unlawful to manufacture a controlled substance. Manufacture is defined in relevant part to mean the *production*, preparation, propagation, compounding, *conversion*, or *processing* of a controlled substance, either directly or indirectly, by extraction from substances of natural origin. Ark. Code Ann. § 5-64-101(m) (Supp. 1991).[3] The term production is also defined to include the manufacture, planting, cultivation, growing, or harvesting of a controlled substance. Ark. Code Ann. § 5-64-101(r) (Supp.

---

[3] The term does not include the preparation or compounding of a controlled substance by an individual for his own use or by practitioners as provided in subsections (1) and (2) of provision 5-64-101(m).

1991). Additionally, Craig's act in pinching leaves from the marijuana plant not only violated the manufacturing of marijuana by taking it inside the building to dry it, his act at the same time violated Ark. Code Ann. § 5-64-401(c) (Supp. 1991), which makes it unlawful for any person to possess a controlled substance.

■ Because Craig's act violated both the manufacturing and possession of controlled substance statutory provisions, we next determine whether there are two offenses or one by determining whether each statutory provision requires proof of a fact which the other does not. In *State* v. *Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991), this court in discussing the *Blockburger* test stated that if it reveals that the offenses have identical statutory elements or that one offense is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred.

■ Here, we conclude Craig's conviction for the possession offense is a lesser included offense of manufacturing; therefore, the manufacturing offense was barred by the double jeopardy clause. The offense of possession of a controlled substance contains no element that is different from that of manufacturing. While the term "possession" is not defined in the Uniform Controlled Substances Act, that term has been defined as meaning "the act of having or taking control." Webster's *New Collegiate Dictionary*. *See also* AMI Criminal, 3304 (Possession of a Controlled Substance) (which sets out a bracket paragraph stating two kinds of possession, actual and constructive. Actual possession of a thing is direct physical control over it and constructive possession exists when a person, although not in actual possession of a thing, has the right to control it and intends to do so, either directly or through another person or persons.) In proving the offense of manufacturing, the state must necessarily show the defendant has control of the controlled substance in order to manufacture it. That being so, possession of the substance is necessarily a lesser included of the offense of manufacturing.

In conclusion, we must consider the state's argument that Craig has failed to prove a double jeopardy bar because Craig did not provide a record showing that the prosecutor's office was

informed of Craig's appearance in municipal court and of his guilty plea. The state cites § 5-1-115(2) (1987) which provides that a former prosecution is not an affirmative defense when "the former prosecution was *procured* by the defendant *without the knowledge* of the appropriate prosecuting official or aggrieved party and with the purpose of avoiding the sentence which might otherwise be imposed." Further, the state cites a line of cases to support its argument that if a representative of the prosecution is not present at a plea made in municipal court, subsequent prosecution for the same offense in circuit court is not barred by double jeopardy.

The state cites *Bradley* v. *State*, 32 Ark. 722 (1878). There, the state proceeded against Bradley for misdemeanor assault before one justice of the peace. Having failed to obtain service on Bradley, the state filed an indictment in circuit court. Bradley subsequently appeared on his own before a different justice of the peace and pled guilty to the assault charge and paid a $5 fine and cost. Finding that the justice of the peace had lost jurisdiction, this court held that "to render the plea of former conviction availing, the court must not only have jurisdiction, but the proceedings must be regular." *Id.* at 726. Thus, this court found that the plea by Bradley of former conviction was unavailable as a bar to prosecution in circuit court. *Bradley* can be distinguished in a number of ways. First, the justice of the peace court had lost jurisdiction of the case, second, the prosecution was for the same offense, and last, Bradley appeared before the justice of the peace only after an indictment from circuit court was filed in an effort to obtain a lesser sentence.

*State* v. *Caldwell*, 70 Ark. 74, 66 S.W. 150 (1902), is similar in holding that a "collusive prosecution" is no bar to a subsequent prosecution for the same offense. There, proof was offered that Caldwell's attorney instigated a hearing before the justice of the peace at a time earlier than the prosecutor was informed that the hearing would be held. Even though the prosecutor had indicated that he could not attend the hearing before the justice of the peace, this court stated that it was for the jury to determine whether or not the evidence was sufficient to show that the purpose of the hearing before the justice of the peace was to elude prosecution for the same offense in the circuit court, thus allowing the defendant to receive a lighter sentence.

.

In another case with evidence of collusive prosecution by a justice of the peace, this court stated that under these circumstances, the state is no party in fact but only in name. *State v. Ketchum*, 113 Ark. 68, 167 S.W. 492 (1914).

█ As mentioned previously, Craig pled guilty to possession in municipal court, and the offense tried in circuit court was a different offense, manufacturing. Further, the state has failed to show that Craig procured or instigated his prosecution in municipal court. In fact, the record shows that Craig complied with the police officer's citation, directing him to appear in municipal court. Having no defense to the possession charge, Craig chose to appear pro se and pled guilty on the date he was ordered to appear. Craig's appearance before the municipal court was discussed at length several times before the circuit court judge. At no time during those discussions did the prosecutor indicate that Craig sought out the municipal court hearing for a collusive purpose. The record reflects only that the prosecuting attorney did not go to arraignments in municipal court, not that he was unaware Craig's possession charge was pending in that court. In sum, the state's argument invoking § 5-1-115(2) is meritless.

For the reasons above, we reverse and dismiss.