Patrick L. SHERMAN *v.* STATE of Arkansas

CR 96-183                                    931 S.W.2d 417

Supreme Court of Arkansas
Opinion delivered September 30, 1996

*Benny M. Tucker,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

DONALD L. CORBIN, Justice. Appellant, Patrick L. Sherman, appeals the judgment of the Clark County Circuit Court convicting him of fleeing, first-degree assault, and two counts of first-degree battery, fining him $10.00, and sentencing him to a cumulative sentence of forty years in prison. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). Appellant's four points for reversal of the judgment, which was entered pursuant to a jury verdict, relate to his claims of double jeopardy, *res judicata*, and collateral estoppel. We affirm.

All four felony charges at issue in this appeal were the result of a single incident occurring on April 4, 1995. While driving a stolen truck, Appellant tried to outrun the police, ultimately driving through a police road block and causing property damage to two vehicles and personal injuries to the driver of one of the vehicles and a pedestrian. As a result of this single incident, Appellant was not only charged by information with the four felonies at issue here, but he was first charged by citation with four misdemeanors to which he pleaded guilty in municipal court and was sentenced: driving while intoxicated, failure to yield to an emergency vehicle, driving without a license, and reckless driving.

Appellant filed a pretrial motion to dismiss the felony prosecutions on the basis that they were barred by the Double Jeopardy Clauses of the Arkansas and United States Constitutions and by the principles of *res judicata* and collateral estoppel. The trial court denied the motion to dismiss, and Appellant filed a notice of appeal from that denial. However, while recognizing that an order denying such a motion to dismiss is a final order for purposes of filing an interlocutory appeal, the trial court proceeded with Appellant's jury trial. Appellant then filed this appeal from the judgment of conviction, asserting four points for reversal.

## I. ERROR TO PROCEED WITH TRIAL

Appellant's first point for reversal is that the trial court erred in requiring him to be tried after he filed a notice of appeal from the denial of his motion to dismiss based on grounds of double jeopardy, *res judicata*, and collateral estoppel. At a hearing on the day before trial, Appellant objected to his trial on the basis that he should be allowed to pursue an interlocutory appeal and that his filing a notice of appeal deprived the trial court of subject-matter jurisdiction. The trial court recognized that the denial of a motion

to dismiss based on double jeopardy was an appealable order, but stated that Appellant's motion for double jeopardy had no merit and that the court did indeed have jurisdiction to hold the trial because the transcript had not been lodged in an appellate court. The trial court also reasoned that, because the case had been set for trial the next day and Appellant had been a very unruly inmate causing damage to the jail facility, and because the jeopardy motion lacked merit, Appellant would not be prejudiced by going to trial.

In support of his first argument for reversal, Appellant challenges the aforementioned proceedings on three bases. First, he claims that because the denial of a double-jeopardy-based motion is amenable to interlocutory appeal, the trial court was without subject-matter jurisdiction to proceed with his trial. Second, he claims that the trial court's reliance on an alleged *ex parte* communication with the county sheriff about Appellant's bad behavior in jail formed an improper basis for the trial court's decision. Third, Appellant claims that the denial of a double-jeopardy-based motion to dismiss is not subject to harmless-error analysis, as the trial court stated, because of the very nature of the right — protection from subjection to a second, barred trial. We need not address the second contention because Appellant did not raise it below. *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995). We consider the third contention together with Appellant's second point for reversal as they are interrelated.

■ The law is well established that an order denying a motion to dismiss based on former-jeopardy considerations is an appealable decision. *Abney v. United States*, 431 U.S. 651 (1977); *Smith v. State*, 307 Ark. 542, 821 S.W.2d 774 (1992) (citing *Fariss v. State*, 303 Ark. 541, 798 S.W.2d 103 (1990) and *Jones v. State*, 230 Ark. 18, 320 S.W.2d 645 (1959)). Appellant argues that because the motion to dismiss was amenable to interlocutory appeal, the trial court was without subject-matter jurisdiction to try him. The State cites *United States v. Lanci*, 669 F.2d 391 (6th Cir.), *cert. denied*, 457 U.S. 1134 (1982), and responds that a defendant's right to pursue an interlocutory appeal of the denial of a pretrial double-jeopardy-based motion to dismiss is conditioned upon a showing that there is a "colorable foundation" for the former-jeopardy issue.

■ It is the filing of the transcript in an appellate court or the placing of the sentence into execution that deprives a trial court of jurisdiction, not the filing of the notice of appeal. *Glick v. State*,

283 Ark. 412, 677 S.W.2d 844 (1984). After the notice of appeal has been filed and the transcript has been lodged with the appellate court, the trial court loses jurisdiction of the case except for matters such as appointing defense counsel or correcting its judgment to speak the truth. *Id.; Fletcher* v. *State*, 198 Ark. 376, 128 S.W.2d 997 (1939). In this case, the trial court stated that because the transcript had not been lodged in this court, the trial court had jurisdiction to proceed with Appellant's trial. While the trial court accurately stated a rule of law, we are not convinced that rule is applicable to a situation like the current one where the propriety of an interlocutory appeal is at issue.

■ The foregoing rules cited from *Glick* and *Fletcher* only address the transfer of jurisdiction from a trial court to an appellate court in the context of a case that has been tried to completion or otherwise ended in a final judgment. The foregoing rules do not address the transfer of jurisdiction from a trial court to an appellate court in the context of an interlocutory appeal, *i.e.*, when there has been no final judgment on the case, but only a judgment as to a separable part of a case. Relating to the latter type of appeals, this court has said:

> The rule that an appeal divests the trial court of jurisdiction applies only to matters necessarily or directly involved in the matter under review. It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. Matters which are independent of, or collateral or supplemental, are left within the jurisdiction and control of the trial court, notwithstanding the appeal.

*Bleidt* v. *555, Inc.*, 253 Ark. 348, 350-51, 485 S.W.2d 721, 723 (1972) (per curiam) (citations omitted). In stating the foregoing rule of law, this court relied upon 4A C.J.S. 399, 413, *Appeal and Error*, §§ 608 and 618, which in their current forms are found at 4 C.J.S. *Appeal and Error* §§ 396 and 405 (1993). As applied to this case, we find the following particularly relevant:

> Jurisdiction as to the entire cause is not transferred in an appellate proceeding for the review of an incidental or interlocutory matter, but the trial court or parties may still proceed in matters not involved in the appeal and which are entirely collateral to the part of the case taken up.

The trial court, even when it has the jurisdiction to proceed in the main case, after an appeal or writ of error from an incidental or interlocutory matter may in its discretion decide to await the determination of the appellate proceeding. Furthermore, the lower court cannot proceed in such manner as to lead to a decision, pending the appeal, of the very question involved on the appeal, or of a question which cannot properly arise or be determined until after the determination of the appeal; nor may it so dispose of the cause as to interfere with the jurisdiction or orders of the appellate court; and, the proceedings had in the lower court pending appeal are subject to be set aside if they are inconsistent with the order or decision of the appellate court.

4 C.J.S. *Appeal and Error* § 397 (1993) (footnotes omitted).

■ When the rule from the *Bleidt* case is strictly applied in a criminal case in the particular context of double jeopardy, it could be said that the question of the defendant's guilt or innocence on the charges is independent of the question of whether the defendant's trial on the charges is jeopardy-barred. Under such a strict construction, a trial court would retain jurisdiction of the question of a defendant's guilt while the double-jeopardy question is addressed on interlocutory appeal. While such a strict construction would result in placing form over substance as far as a defendant's double-jeopardy rights are concerned, it would not be doing so as far as the trial court's jurisdiction is concerned. Thus, we conclude that when a defendant has filed an interlocutory appeal of a denial of a motion to dismiss based on double jeopardy, although the trial court has jurisdiction to determine the defendant's guilt, to do so erroneously risks violation of the defendant's double-jeopardy rights. In other words, it is a matter of protection of the defendant's double-jeopardy rights and not a matter of jurisdiction that requires a trial court to refrain from proceeding to determine guilt.

■ We are sympathetic to the State's argument that a defendant's right to pursue an interlocutory appeal of the denial of a pretrial jeopardy-based motion to dismiss is conditioned upon a showing that there is a "colorable foundation" for the former jeopardy issue and find some support for it in the above-cited cases from this court, *see, e.g., Jones*, 230 Ark. at 24-25, 320 S.W.2d at 650. We cannot agree that a defendant's right to appeal is so conditioned because of the following language authored by Mr. Chief Justice

Burger:

> [T]he rights conferred in a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense. . . . Because of this focus on the "risk" of conviction, the guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction. . . . Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to "run the gauntlet" a second time before an appeal could be taken; even if the accused is acquitted, or if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.

*Abney*, 431 U.S. at 660-62 (citations and footnotes omitted).

While we are sympathetic to the State's view, we do not adopt it for the reasons expressed by the Supreme Court in footnote 8 of the *Abney* decision:

> Admittedly, our holding may encourage some defendants to engage in dilatory appeals as the Solicitor General fears. However, we believe that such problems of delay can be obviated by rules or policies giving such appeals expedited treatment. It is well within the supervisory powers of

the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy.

*Abney*, 431 U.S. at 662.

■ Based on the above-quoted principles, we conclude that the trial court erred in proceeding with Appellant's trial in circuit court. The question of the effect of this error, however, remains for our consideration.

■ The United States Supreme Court has indicated that when an accused was forced to stand trial over a valid jeopardy-based objection, it was not error for the state appellate court to reduce the conviction to a non-barred lesser-included offense because the defendant had not demonstrated prejudice. *See Morris v. Mathews*, 475 U.S. 237 (1986). Prejudice cannot be shown when the forced trial was for a charge that was not jeopardy-barred. *Id.* In *Morris*, the accused had pleaded guilty to aggravated robbery, was sentenced, and then tried and convicted for aggravated murder based on the robbery; on appeal, the aggravated murder conviction was reduced to murder, a lesser-included offense of aggravated murder. The Supreme Court concluded that because it was clear that the jury found all the elements of the lesser offense, it would be pointless to order a new trial to cure the double jeopardy violation. The Supreme Court thus affirmed the trial and sentence on the lesser-included offense of murder. Thus, in the present case, deciding whether Appellant was prejudiced such that reversal of the trial court's error is required, we first determine whether Appellant's trial in circuit court is jeopardy-barred; and that is precisely the issue Appellant raises as his second point for reversal.

## II. FELONY PROSECUTIONS ARE BARRED BY DOUBLE JEOPARDY

Appellant contends that his pleas of guilt and resulting sentences entered in municipal court to the misdemeanor charges of driving while intoxicated, reckless driving, failure to yield to an emergency vehicle, and driving without a license bar the subsequent prosecution in circuit court for the felony charges of fleeing, first-degree assault, and first-degree battery. Appellant argues that under the test enunciated in *Blockburger v. United States*, 284 U.S. 299 (1932), reckless driving contains the same elements as do aggravated assault and first-degree battery. Likewise, he claims that failure to yield encompasses the same elements as fleeing.

The State intimates that we need not conduct a *Blockburger* analysis because of the "jurisdictional exception" to the double jeopardy bar. The "jurisdictional exception" was stated in *Diaz* v. *United States*, 223 U.S. 442, 449 (1912), as follows:

> [T]he justice of the peace, although possessed of jurisdiction to try the accused for assault and battery, was without jurisdiction to try him for homicide; and, of course, the jeopardy incident to the trial before the justice did not extend to an offense beyond his jurisdiction. All that could be claimed for that jeopardy was that it protected the accused from being again prosecuted for the assault and battery, and therefore required that the latter be not treated as included, as a lesser offense, in the charge of homicide . . . . It follows that the plea of former jeopardy disclosed no obstacle to the prosecution for homicide.

In support of its claim that the "jurisdictional exception" applies to eliminate any bar by Appellant's former jeopardy plea, the State cites Ark. Code Ann. § 5-1-113(1)(a) (Repl. 1993), which states that a former prosecution is an affirmative defense to a subsequent prosecution for a different offense when the former prosecution results in a conviction and the subsequent prosecution is for any offense of which the defendant could have been convicted in the first prosecution. The State maintains that Appellant could not have been convicted of the felonies in municipal court because municipal courts lack jurisdiction of felonies; and therefore, the felony prosecutions in circuit court were not barred by the municipal court convictions.

Because Appellant was charged in both municipal court and circuit court and pleaded guilty and was sentenced concerning the municipal-court charges, we agree that the facts of this case appear within the "jurisdictional exception" to the bar of double jeopardy. However, the "jurisdictional exception" does not apply when lesser-included offenses are involved. *Diaz*, 223 U.S. 442. Therefore, we must conduct a *Blockburger* analysis to determine if these offenses are the same or included offenses such that they are barred by the Double Jeopardy Clauses.

The *Blockburger* test is as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to

determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres* v. *United States*, 220 U.S. 338, 342, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey* v. *Commonwealth*, 108 Mass. 433: "A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

*Blockburger*, 284 U.S. at 304.

Following are the elements of the crimes at issue here as provided in the Arkansas Code of 1987 Annotated (Repl. 1993, Repl. 1994, and Supp. 1995):

*27-50-308. Reckless driving.*

(a) Any person who drives any vehicle in such a manner as to indicate a wanton disregard for the safety of persons or property is guilty of reckless driving.

(b)(1)(A) If physical injury to a person results, every person convicted of reckless driving shall be punished upon a first conviction by imprisonment for a period of not less than thirty (30) days nor more than ninety (90) days or by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000), or by both such fine and imprisonment.

*5-13-201. Battery in the first degree.*

(a) A person commits battery in the first degree if:

(1) With the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon; or

(2) With the purpose of seriously and permanently disfiguring another person or of destroying, amputating, or permanently disabling a member or organ of his body, he causes such an injury to any person; or

(3) He causes serious physical injury to another person

under circumstances manifesting extreme indifference to the value of human life[.]

### 5-13-204. *Aggravated assault.*

(a) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person.

### 27-51-901. *Operation of vehicles and streetcars on approach of authorized emergency vehicles.*

(a) Upon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to the right-hand edge or curb of the highway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.

### 5-54-125. *Fleeing.*

(a) If a person knows that his immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of such person to refrain from fleeing, either on foot or by means of any vehicle or conveyance.

(b) Fleeing is a separate offense and shall not be considered a lesser included offense or component offense with relation to other offenses which may occur simultaneously with the fleeing.

■ The offense of reckless driving requires proof of the actual driving of a vehicle; the offenses of assault and battery do not. The offense of first-degree battery requires proof of actual physical injury to another person; the offense of reckless driving does not. The offense of aggravated assault[1] requires proof of creating danger

---

[1] Appellant was charged with aggravated assault, although the jury convicted him of the

of serious physical injury to another; the offense of reckless driving does not. Reckless driving requires proof of elements that first-degree battery and aggravated assault do not, and first-degree battery and aggravated assault require proof of elements that reckless driving does not. Therefore, we conclude that first-degree battery and aggravated assault are not lesser-included offenses of reckless driving and that they are not considered the same offenses for double jeopardy purposes.

The fleeing statute specifically provides that it is a separate offense and is not to be considered a component offense with other offenses occurring simultaneously. Section 5-54-125(b). The United States Supreme Court has stated that legislatures are free under the Double Jeopardy Clause to define crimes and fix punishments, but that courts may not impose more than one punishment for the same offense. *Brown v. Ohio*, 432 U.S. 161 (1977). That Court has further stated that, "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, . . ., the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent[.]" *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Given the clear legislative intent expressed in section 5-54-125(b) that fleeing is to be considered a separate offense, we have no doubt in concluding that the Double Jeopardy Clause does not bar Appellant's trial or punishment therefor. Therefore, we conclude that under the *Blockburger* rule and the Double Jeopardy Clauses the felony prosecutions and punishments for first-degree battery, aggravated and first-degree assault, and fleeing were not barred.

In summary, we conclude that, with respect to all felonies, Appellant's jeopardy plea had no merit and that, consequently, Appellant cannot demonstrate any prejudice from having endured the trial in circuit court. Thus, although the trial court erred in proceeding with Appellant's trial without allowing for an interlocutory appeal, reversal is not required because Appellant has not demonstrated that the trial was for a jeopardy-barred offense. *See Morris*, 457 U.S. 237.

Finally, we note the State's argument that we should overrule

lesser-included offense of first-degree assault. Thus, it is aggravated assault that is the relevant offense for our analysis.

*Craig* v. *State*, 314 Ark. 585, 863 S.W.2d 825 (1993). This argument is without merit because it overlooks the fact that *Craig* involved a subsequent conviction for a lesser-included offense and multiple punishment was therefore barred on that basis. *Craig* is not, as the State fears, precedent for defendants to intentionally plead guilty in municipal court with the purpose of creating a double jeopardy bar to a subsequent felony prosecution.

### III. ARKANSAS FORMER JEOPARDY STATUTES

In addition to the Double Jeopardy Clauses of both the Arkansas and United States Constitutions, Appellant relied on sections 5-1-110, 5-1-112, and 5-1-113 of the Arkansas Code of 1987 Annotated in his motion to dismiss below. On appeal, he relies on the same statutes as requiring reversal. The cited statutes encompass the principles of double jeopardy that we have previously discussed in this opinion. We need not consider this argument any further as we concluded that Appellant's trial and punishments are not precluded by such principles. It matters not whether the principles are founded in constitutional, statutory, or judge-made law.

### IV. COLLATERAL ESTOPPEL AND RES JUDICATA

██ "Two factors must be present for collateral estoppel to bar a criminal prosection: (1) both adjudicatory entities must be arms of the same sovereign and (2) a factual issue essential to the first verdict must be an essential element of the second charge." *Fariss* v. *State*, 303 Ark. 541, 798 S.W.2d 103 (1990) (citing *United States* v. *Kills Plenty*, 466 F.2d 240 (8th Cir. 1972), *cert. denied*, 410 U.S. 916 (1973)). As the State argues, the doctrine of collateral estoppel is not applicable to the facts of this case because the second element above has not been satisfied. Such a favorable finding of fact is essential to a collateral-estoppel defense. *Dowling* v. *United States*, 493 U.S. 342, 347-49 (1990); *Fariss*, 303 Ark. 541, 798 S.W.2d 103.

██ One of the five elements of a *res judicata* defense is that both proceedings involve the same claim or cause of action that was litigated or could have been litigated but was not. *Id.* Here, the felony charges could not have been tried in municipal court because municipal court lacks jurisdiction of felony charges. Thus, Appellant's prosecutions and sentences for the felonies are not precluded by the doctrine of *res judicata*.

The judgment of conviction is affirmed.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. I dissent. The trial court erred in forcing appellant to trial. Everyone agrees that appellant had a right to appeal when the trial court denied appellant's motion to dismiss on the grounds of double jeopardy. *Smith* v. *State*, 307 Ark. 542, 821 S.W.2d 774 (1992). By sanctioning what the trial court did here, we are holding that even though a losing party is by law entitled to the right to file an interlocutory appeal, a trial court can nullify that appeal right by forcing the party to trial before he or she is able to perfect the appeal.

On Friday, July 21, 1995, the trial court denied appellant's motion, and appellant immediately informed the trial court that he would appeal. In an attempt to expedite matters, appellant filed his notice the same day. On the following Monday, July 24, 1995, the trial court related to appellant's counsel that the court had been informed that appellant had been a problem in jail, and directed that appellant's case would proceed to trial the next day on Tuesday, July 25, 1995.

Appellant's counsel was placed in the position of trying to perfect an appeal during the balance of the day, Monday, or prepare for the next day's trial. Defense counsel contacted the Supreme Court Clerk's Office and discovered that he could get no temporary stay because the Supreme Court was in recess.

Obviously, defense counsel was left with a Hobson's choice. If he tried to perfect an appeal in the remaining part of the day, July 24, he would have had great difficulty in obtaining even a partial transcript in the few hours he was allowed, and being in Clarksville, he had no assurance he could timely file it. Also, if he opted to chance an appeal, he would have little or no time to prepare for trial the next day.

Our 1995 Arkansas Rules of Criminal Procedure, Rule 36.9, allowed appellant *thirty days* from the trial court's order to perfect an appeal, and he should have been allowed that time. In my opinion, the trial court abused its discretion in forcing appellant to stand trial over defense counsel's legitimate objections. The trial court should have entered its order and allowed appellant thirty days to perfect his appeal. While I might well agree with the majority opinion in

rejecting appellant's double jeopardy argument, this case should be reversed for a new trial for the reasons discussed above.