UNITED STATES of America,
Plaintiff-Appellee,

v.

Carla Florentine HINES, Leroy Dale Hines, Anna Mae Hines, Defendants-Appellants.

Nos. 82–2041, 82–2042 and 82–2063.

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1982.

---

Carl Hughes and William E. Liebel, Oklahoma City, Okl., for defendant-appellant Carla Florentine Hines.

Michael Gassaway, Oklahoma City, Okl., for defendant-appellant Leroy Dale Hines.

Daniel Zorn, Oklahoma City, Okl., for defendant-appellant Anna Mae Hines.

William S. Price, U. S. Atty., Oklahoma City, Okl., David B. B. Helfrey and Robert E. Mydans, Attys., Dept. of Justice, Kansas City, Mo., for plaintiff-appellee.

Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.

HOLLOWAY, Circuit Judge.

These three appeals have been taken by defendants-appellants from an order denying their motions to dismiss the criminal indictment against them on double jeopardy grounds pursuant to *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 561. At this juncture the court has before it a joint application filed on September 20, 1982, by these three defendants, for a stay of proceedings by which they ask that we stay the criminal trial in the district court of these defendants and several others indicted with them, the trial being scheduled for October 4, 1982. By its response the Government opposes the stay.

I

Count I of the instant indictment, which is the only count in this indictment naming these appellants as defendants, alleges that from on or about November 1, 1978, until on or about January 23, 1979, in the Western District of Oklahoma and elsewhere, these defendants-appellants and several other named defendants unlawfully, wilfully, and knowingly conducted, financed, managed, supervised, directed, and owned all or part of an illegal gambling business in violation of the laws of the State of Oklahoma, including 21 O.S.A. §§ 982 and 987, said illegal gambling business being conducted, etc. by five or more persons and having a gross revenue of $2,000.00 or more on one or more single days between November 1, 1978, and January 23, 1979, all in violation of §§ 2 and 1955 of Title 18, United States Code.

The stay application and papers before us show that the defendants made motions in September 1981 to dismiss the indictment on double jeopardy grounds. Other motions by various defendants were filed thereafter. On August 20, 1982, a hearing was held in the district court. Evidence was introduced and these defendants asserted that their double jeopardy defense was based on prosecution of them in No. 79–CR–123, Northern District of Oklahoma. The indictment

in that Northern District case charged that these defendants had conspired to use interstate travel and facilities to further an Oklahoma bookmaking gambling operation which was illegal under Oklahoma law.

That prosecution resulted in a conviction of the defendants for conspiracy in violation of 18 U.S.C. § 371 to commit a Travel Act offense, 18 U.S.C. § 1952, against the United States.[1] Section 1952 prohibits the use of interstate travel and facilities where the intent is to further any unlawful activity, which includes gambling offenses in violation of State law. Defendants argued that the time frames of the activities involved in the Northern District case and in the instant conspiracy case are exactly the same.

At the hearing on the double jeopardy motions on August 20, 1982, an order was entered overruling the motions and trial was scheduled for October 4, 1982. The defendants filed timely *Abney* notices of appeal on August 25 and 27. On August 26 and September 2, defendants further moved for abatement of proceedings in the district court, pending appeal.

In a further order on September 14 the court found that the arguments supporting the double jeopardy claims were frivolous and without merit, that the denial of the motions to dismiss and the pleas of double jeopardy and subsequent filing of defendants' notices of appeal did not divest the district court of jurisdiction, and that the motion to abate proceedings pending appeal should be denied.

## II

■ We are mindful that we are dealing with a sensitive constitutional right when we consider the double jeopardy claim of the defendants under the Fifth Amendment. The Double Jeopardy Clause protects the individual against more than being subjected to double punishment; it is also a guarantee against twice being put to trial for the same offense. *Abney, supra* at 660–61, 97 S.Ct. at 2040–41. We must further

consider the danger of unlawfully subjecting the defendants to embarrassment, expense, and ordeal and compelling them to live in a continuing state of anxiety and insecurity, as well as the enhancement of the possibility that even though innocent they might be found guilty. *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199. Moreover, the Court stated in *Abney, supra,* 431 U.S. at 662, 97 S.Ct. at 2041, that

> ... if a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs. (Emphasis in original).

Further, the Court observed that the problems of dilatory appeals could be obviated by rules or policies by giving such appeals expedited treatment, and that it is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy. *Id.* at 662 n.8, 97 S.Ct. at 2042 n.8.

These factors appear to argue for a stay of the trial in the instant case. The granting of the stay would, of course, give an assurance against any unlawful double exposure to trial until the *Abney* appeals of these defendants are heard and decided.

There are, however, countervailing considerations to weigh. Rules implementing the Double Jeopardy Clause must also be fashioned in light of the public policy favoring rapid disposition of criminal cases, recently expressed by Congress in the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. *United States v. Leppo,* 634 F.2d 101, 104 (3d Cir.). There must be a reasoned choice so that the divestiture of jurisdiction rule, applicable generally when a defendant files a notice of appeal, should not leave the trial court powerless to prevent intentional dilatory tactics by enabling a defendant unilat-

---

1. The convictions of the defendants in the Northern District case are on appeal before this court in Nos. 80–1425, 1433 and 1435.

erally to obtain a continuance at any time prior to trial by merely filing a motion, however frivolous, and appealing the trial court's denial thereof. *See United States v. Dunbar,* 611 F.2d 985, 987–88 (5th Cir.), *cert. denied,* 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120.

■ We are persuaded that where, as here, the district court has considered the double jeopardy claim after a hearing and, for substantial reasons given, found the claim to be frivolous, the court should not be held divested of jurisdiction by an *Abney* appeal. The district court made findings here and expressly stated his reasons for finding the pleas frivolous. This procedure is necessary and proper, and was followed. *See Leppo, supra,* 634 F.2d at 105; *Dunbar, supra,* 611 F.2d at 988.

We are convinced by the reasoning and result of the Third Circuit in *United States v. Leppo, supra* 634 F.2d at 103–05. There the court also had a stay application before it. The district court had rejected a motion to dismiss, asserted on double jeopardy and other grounds, as dilatory and frivolous and ordered the case to remain on the trial calendar. After considering the factors to be balanced, the Third Circuit denied a stay, stating (*id.* at 105):

> Therefore, in the exercise of our supervisory jurisdiction, and recognizing fully the letter and spirit of *Abney v. United States,* we hold that an appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions by written findings. Rather, both the district court and court of appeals shall have jurisdiction to proceed. Thus the defendant is entitled ultimately to appellate review. Of course, in the absence of a finding that the motion is frivolous, the trial court must suspend its proceedings once a notice of appeal is filed. In those instances in which it refuses to do so, or when its findings are not supported by the record, the concerns of *Abney* are sufficiently safeguarded by the availability of a stay

pursuant to Fed.R.App.P. 8, or a writ of mandamus or prohibition under 28 U.S.C. § 1651. *See Dunbar,* 611 F.2d at 989. Petitioner has used these procedures here, demonstrating their viability. At the same time, this decision gives effect to the important public policy favoring expeditious criminal justice.

*See also United States v. Bizzard,* 674 F.2d 1382, 1385–86 (11th Cir.); *United States v. Grabinski,* 674 F.2d 677, 679 (8th Cir.); *United States v. Lanci,* 669 F.2d 391, 394 (6th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 2960, 73 L.Ed.2d 1350.

Here the district court's order denying abatement analyzes in detail the merits of the double jeopardy pleas. The court recognized the right of immediate appeal under *Abney* and also the problem of divestiture of jurisdiction attempted as a dilatory tactic. The court noted that the defendants here had been tried and sentenced in the Northern District of Oklahoma on the charges outlined above; that the defendants urged the adoption of the "same transaction" and "totality of the circumstances" test set forth in *United States v. Tercero,* 580 F.2d 312 (8th Cir.) and adopted in *United States v. Jabara,* 644 F.2d 574 (6th Cir.).

The trial court's order cited our opinion in *United States v. Puckett,* 692 F.2d 663 (10th Cir. 1982), in which we declined to adopt that test, adhering to the "same evidence" test. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 reaffirmed in *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 and *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187. *See also United States v. Zwego,* 657 F.2d 248, 251 (10th Cir.), *cert. denied,* 455 U.S. 919, 102 S.Ct. 1275, 71 L.Ed.2d 460; *United States v. Martinez,* 562 F.2d 633, 637 (10th Cir.); *Robbins v. United States,* 476 F.2d 26, 32 (10th Cir.). The district court concluded that the double jeopardy test is not unsettled in this Circuit and that the claims of defendants relying on different theories were frivolous.

■ We are satisfied that the district court has made a substantial statement of reasons for the finding and conclusion that

the double jeopardy claim of defendants is frivolous in these circumstances. We do not, of course, decide the merits of these *Abney* appeals, in which that finding may be reviewed. Nevertheless, balancing the interests which we must, we are persuaded that on the showing before us, we should deny the stay as was done in the *Leppo* case.

IT IS SO ORDERED.