**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leroy Dale HINES, Anna Mae Hines, and
Carla Florentine Hines,
Defendants-Appellants.**

**Nos. 82–2041, 82–2042 and 82–2063.**

United States Court of Appeals,
Tenth Circuit.

July 25, 1983.

See also, 10th Cir., 713 F.2d 579.

William S. Price, U.S. Atty., W.D. Okl., Oklahoma City, Okl., and David B.B. Helfrey and Robert E. Mydans, Attys., U.S. Dept. of Justice, Kansas City, Mo., for plaintiff-appellee.

Carl Hughes and Michael Gassaway of Hughes, Nelson & Gassaway, Oklahoma City, Okl., for Carla Florentine Hines and Leroy Dale Hines, defendants-appellants.

Daniel K. Zorn of Jackson, Hall & Zorn, Oklahoma City, Okl., for Anna Mae Hines, defendant-appellant.

Before McWILLIAMS, DOYLE, and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

By agreement, this appeal is submitted on the briefs, all parties waiving oral argument.

Leroy Hines, Carla Hines, and Anna Mae Hines and six other persons were charged by an indictment returned in the United States District Court for the Western District of Oklahoma with conducting an illegal gambling business in violation of 18 U.S.C. § 1955. Two years prior to the return of the present indictment, the three Hineses and others, who are not defendants in the present proceeding, were charged in the United States District Court for the Northern District of Oklahoma with conspiring to use interstate travel in order to further an Oklahoma bookmaking operation which was illegal under Oklahoma's gambling laws, in violation of 18 U.S.C. § 371. The three Hineses, and certain others, were convicted on the conspiracy charge by a jury in the Northern District of Oklahoma. That conviction has now been affirmed on appeal. *United States v. Hines,* 696 F.2d 722 (10th Cir.1982).

Shortly before the case in the Western District of Oklahoma was scheduled to commence, the three Hineses filed a motion to dismiss on the grounds of double jeopardy. In this regard, the Hineses asserted that their conviction in the Northern District of Oklahoma on the conspiracy charge, 18 U.S.C. § 371, barred their trial in the Western District of Oklahoma on the charge of conducting a gambling operation in violation of 18 U.S.C. § 1955. The district court denied Hineses' motion to dismiss, and they immediately appealed that ruling under *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The district court denied Hineses' request to abate the trial of the case until their so-called *Abney* appeal had been decided by us. In this Court, the Hineses also asked that we stay the trial of the case in the Western District until we had ruled on their *Abney* appeal. We declined to stay the trial. *United States v. Hines,* 689 F.2d 934 (10th Cir. 1982).

The case against the three Hineses, and others, in the Western District of Oklahoma came on for trial. Following the fifth day of trial, the district court, at the request of the defendants, declared a mistrial because of violations of the court's exclusion order by two government witnesses. The defendants, thereafter, moved to dismiss on the grounds of double jeopardy. The defendants' position was that the mistrial was caused by intentional prosecutorial misconduct and that an attempt to retry them would violate the Double Jeopardy Clause. The district court granted this motion, and dismissed the indictment as to all remaining defendants. The government appealed the dismissal order.

In the companion case, *United States v. Poe et al.,* 713 F.2d 579, Nos. 82–2437, –2438, –2439, –2440, –2441, –2442, and –2443, we have as of this date vacated the district court's order dismissing the indictment and ordered its reinstatement. Accordingly, we must now resolve the instant appeal wherein the three Hineses assert that their conviction in the Northern District of Oklahoma on the conspiracy charge bars their trial in the Western District of Oklahoma on the charge brought under 18 U.S.C. § 1955.

In refusing to delay the commencement of the trial in the Western District of Oklahoma, the district court found that Hineses' motion to dismiss on double jeopardy grounds was frivolous in nature and without merit inasmuch as the Hineses wanted the court to adopt the "same transaction" test or the "totality of the circumstances" test, and to reject the "same evidence" test, an argument which was recently rejected by us in *United States v. Puckett,* 692 F.2d 663 (10th Cir.), *cert. denied,* ___ U.S. ___, 103 S.Ct. 579, 74 L.Ed.2d 939 (1982). In denying their subsequent request to this Court that we stay the commencement of the trial, we relied heavily on the district court's finding that the Hineses' motion to dismiss, based on the ground that the convictions in the Northern District precluded any trial in the Western District, was frivolous, without merit, and interposed essentially for the purpose of delay. *United States v. Hines,* 689 F.2d at 936–37. In that case, however, we did reserve a decision on the merits of these *Abney* appeals.

Our study of the matter convinces us that the Hineses' argument that their convictions in the Northern District of Oklahoma bar their prosecution in the Western District of Oklahoma is without merit. The two charges are not identical, but markedly different. The conviction in the Northern District of Oklahoma was for conspiring to commit an offense against the United States. 18 U.S.C. § 371. The indictment identified the offense against the United States as a violation of 18 U.S.C. § 1952. Section 1952 proscribes the use of interstate travel where the intent is to further "any

unlawful activity." 18 U.S.C. § 1952(a). "Unlawful activity" is defined, *inter alia,* as including any business enterprise involving gambling offenses in violation of state law. 18 U.S.C. § 1952(b).

In the Western District of Oklahoma, the three Hineses, and others who were not defendants in the proceeding in the Northern District, were charged with violating 18 U.S.C. § 1955. Under the provisions of that section, the Hineses and the others were charged with actually conducting an illegal gambling business in violation of state law, involving five or more persons, which had been in substantially continuous operation for more than thirty days or had a gross revenue of $2,000 in any single day.

Without embellishing what to us seems obvious, the charge in the Western District of Oklahoma is simply not the same as the charge upon which the Hineses were convicted in the Northern District of Oklahoma. The instant case is governed by *United States v. Puckett,* 692 F.2d at 663. We continue to adhere to the "same evidence" test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Judgment affirmed.