**Rodney McCAULEY, Jeri McCauley, Garrison McCauley, Madison McCauley, and Whitney McCauley, Plaintiffs–Appellees,**

v.

**HALLIBURTON ENERGY SERVICES, INC., a Delaware corporation, Defendant–Appellant.**

**No. 05–6011.**

United States Court of Appeals, Tenth Circuit.

June 28, 2005.

W. Carl Jordan, Vinson & Elkins, L.L.P., Houston, Texas (Vanessa Griffith, Vinson & Elkins, Dallas, Texas, with him on the motion to stay appeal), for Defendant–Appellant.

Derrick T. DeWitt, Whitten, Nelson, McGuire, Terry & Roselius, Oklahoma City, Oklahoma (Kent R. McGuire, Whitten, Nelson, McGuire, Terry & Roselius, Oklahoma City, Oklahoma with him on the response to the motion to stay appeal), for Plaintiffs–Appellees.

Before SEYMOUR, McCONNELL and TYMKOVICH, Circuit Judges.

SEYMOUR, Circuit Judge.

Rodney McCauley and his former employer, Halliburton Energy Services, Inc., are parties to an agreement to arbitrate all claims that fall within the scope of Halliburton's Dispute Resolution Program (DRP). In December 2002, Mr. McCauley was injured while applying foam insulation to the exterior of a bulk tank owned by Halliburton. Based on the injuries he sustained as a result of the accident as well as Halliburton's actions in its decision to terminate him, Mr. McCauley filed claims for negligence, fraud and deceit, intentional infliction of emotional distress, and wrongful termination. Various members of Mr. McCauley's family also brought actions for loss of consortium. The district court granted Halliburton's motion to arbitrate all claims except those related to the negligence and consortium causes of action, which the court held were not subject to arbitration because those claims allegedly arose out of work Mr. McCauley was performing as an independent contractor. Halliburton appealed the partial denial of its motion to compel arbitration, as permitted by the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(C). Mr. McCauley also filed a motion to stay the litigation in the district court pending appeal of the arbitrability issue, which the district court denied. Halliburton has now moved this court for a stay pending appeal. For the reasons set out below, we grant the motion.

I.

The parties agree that Mr. McCauley's claims alleging fraud and deceit, intentional infliction of emotional distress, and wrongful termination are arbitrable under Halliburton's DRP because they all relate to Mr. McCauley's employment with Halliburton as a Senior Electronics Technician. The parties disagree, however, about whether Mr. McCauley's negligence claim and the derivative consortium claims of his family are subject to arbitration. According to Mr. McCauley, those claims are not within the scope of the DRP agreement because they arose out of services Mr. McCauley was performing for Halliburton after his normal work hours and as an independent contractor in the foam insulation business. The district court sided with Mr. McCauley on this issue. The court also summarily denied Halliburton's motion to stay after it filed its appeal, and ordered the parties to proceed to litigate the non-arbitrable claims.

Halliburton asks this court for a stay of further litigation pending its appeal. It advances two theories to support its contention that litigation should not proceed in the district court until we resolve the underlying arbitration dispute on the merits. The company's primary contention is that its notice of appeal from the denial of the motion to compel arbitration automatically divested the district court of jurisdiction. In the event we conclude the district court has not been divested of jurisdiction, it alternatively contends that a stay of proceedings is warranted under the traditional four-factor stay analysis. *See, e.g., F.T.C. v. Mainstream Marketing Servs., Inc.,* 345 F.3d 850, 852 (10th Cir.2003).

## II.

The Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(C). But the statute does not specify whether a motion to stay proceedings during an appeal should be granted. Moreover, although the Supreme Court has explained that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the Court has never explicitly extended this holding to interlocutory § 16(a) appeals.

Whether an interlocutory appeal from the denial of a motion to compel arbitration divests a district court of jurisdiction to proceed on the merits of the underlying claim while the appeal is pending is a question of first impression in this circuit. Mr. McCauley contends this court permits a district court to proceed with a case when an appeal is taken from an interlocutory ruling, as opposed to a final order, citing *Howard v. Mail–Well Envelope Co.,* 150 F.3d 1227, 1229 (10th Cir.

1998), and *Colorado v. Idarado Mining Co.,* 916 F.2d 1486 (10th Cir.1990). Halliburton, on the other hand, submits that an appeal from the denial of arbitration inherently involves the merits of the underlying claims, implicating the general rule that filing an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs,* 459 U.S. at 58, 103 S.Ct. 400; *see also Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

Our sister circuits that have addressed whether a § 16(a) appeal divests the district court of jurisdiction are split. The Second and Ninth Circuits have refused to stay proceedings in the district court while an arbitrability issue is pending on appeal. *See Motorola Credit Corp. v. Uzan,* 388 F.3d 39, 53–54 (2d Cir.2004); *Britton v. Co–Op Banking Group,* 916 F.2d 1405, 1412 (9th Cir.1990). Conversely, the Eleventh and Seventh Circuits have held that the appeal triggers the general divestiture principle and, so long as the appeal is not frivolous, warrants issuance of a stay. *See Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251–52 (11th Cir.2004); *Bradford–Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504, 506 (7th Cir.1997). As explained *infra,* we are persuaded by the reasoning of the latter circuits that upon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits. *Blinco,* 366 F.3d at 1253; *Bradford–Scott Data Corp.,* 128 F.3d at 505–06.

In explaining why the terms of the divestiture principle do or do not apply to arbitrability appeals, the courts on each side of the divide have provided legal justifications as well as supporting prudential rationales related to the competing interests and concerns about potential abuse of litigation and appeals. For instance, in

declining to apply the divestiture rule, the Ninth Circuit concluded that an appeal from the denial of a motion to compel arbitration does not involve the same subject matter as the claim that remains pending in the district court, "[s]ince the issue of arbitrability [i]s the only substantive issue presented in th[e] appeal" and a "dispute over arbitrability is easily severable from [the] merits of [the] underlying dispute." *Britton*, 916 F.2d at 1412 & n. 7 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*, 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). In addition to this legal rationale, the court expressed concern over potential exploitation of a categorical divestiture rule, which "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Id.* at 1412. Addressing the countervailing concern that a defendant not lose the benefit of a meritorious appeal of the denial of a motion to arbitrate by continuation of the case in the district court, the Ninth Circuit emphasized that the inherent flexibility of the traditional stay analysis would enable the trial court to determine on a case-by-case basis when the arbitrability issue warranted a stay in the proceedings. *Id.*

The Seventh Circuit disagreed with this analysis when it confronted the same issue. As a first point of contention, the court rejected the Ninth Circuit's determination that an arbitrability appeal is legally severable and distinct from the merits of the underlying case. *See Bradford–Scott Data Corp.*, 128 F.3d at 505 ("Whether a case should be litigated in the district court is not an issue collateral to the question presented by an appeal [of arbitrability] however; it is the mirror image of the question presented on [such an] appeal."). While the Seventh Circuit acknowledged that potential exploitation of the divestiture rule through dilatory § 16(a) appeals was a "serious concern," it was persuaded this concern was "met by the response that the

appellee may ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily." *Id.* at 506. The court was more solicitous regarding its duty to protect the benefits of arbitration from erosion by the demands of litigation in district court during the pendency of a defendant's non-frivolous appeal from the denial of arbitration. *Id.* ("The worst possible outcome would be to litigate the [underlying] dispute, to have the court of appeals reverse [the denial of arbitration], to arbitrate the dispute, and finally to return to court to have the award enforced."). It is evident from this case law that the opposing circuit positions have each presented a reasoned response to the other's prudential rationales. The critical question we must answer is which approach provides us with a more persuasive analysis of the jurisdictional divestiture rule.

Our precedent addressing divestiture in the context of an appeal of the denial of qualified immunity is instructive. In *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), we held that a district court was automatically divested of jurisdiction by an interlocutory appeal from the denial of summary judgment based on qualified immunity where the court did not certify the appeal as frivolous or forfeited. *Id.* at 575–76. We said in *Stewart* that

[t]he divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one.... The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place. When an interlocutory appeal is taken, the district court only retains jurisdiction to proceed with matters not involved in that appeal.

*Id.* (internal citations omitted). Recognizing that this rule runs "the risk that such interlocutory appeals will be subject to abuse," *id.* at 576, we excepted frivolous

appeals from the general divestiture principle. Thus, after a hearing, "a finding of frivolousness enable[s] the district court to retain jurisdiction and to proceed to trial absent intervention by the court of appeals." *Id.* In other words, so long as the district court takes the affirmative step of certifying an appeal as frivolous or forfeited, it retains jurisdiction.[1] *Id.* at 577–78.

The reasoning of *Stewart* is persuasive here for two reasons. First, interlocutory appeals on the basis of the denial of qualified immunity are similar to § 16(a) appeals in the following respect: the failure to grant a stay pending either type of appeal results in a denial or impairment of the appellant's ability to obtain its legal entitlement to avoidance of litigation, either the constitutional entitlement to qualified immunity or the contractual entitlement to arbitration. *See Stewart,* 915 F.2d at 576 ("If the defense is valid, then no part of the action should proceed against the defendant."). Second, *Stewart* addresses the concern about potential misuse of interlocutory review by foreclosing frivolous appeals, subject to the certification process. *Id.* at 577.

■ "Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper," and, as a result, cases involving § 16(a) appeals are "poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." *Bradford–Scott Data Corp.,* 128 F.3d at 506. Indeed, "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates

a risk of inconsistent handling of the case by two tribunals." *Id.* at 505. Given these considerations, our analysis in *Stewart,* and our "expressed preference for bright-line jurisdictional rules," *see Dalton v. First Ins. Bank of Denver,* 863 F.2d 702, 704 (10th Cir.1988), we hold that the district court is divested of jurisdiction while a non-frivolous § 16(a) motion is pending.

■ While we recognize the Ninth Circuit's legitimate concerns regarding potential exploitation of the divestiture rule through dilatory appeals, we are confident such risks can be appropriately stymied by employing the process articulated by us in *Stewart,* which relied on our opinion in *United States v. Hines,* 689 F.2d 934 (10th cir.1982) (involving interlocutory double jeopardy appeal). That is, upon the filing of a motion to stay litigation pending an appeal from the denial of a motion to compel arbitration, the district court may frustrate any litigant's attempt to exploit the categorical divestiture rule by taking the affirmative step, after a hearing, of certifying the § 16(a) appeal as frivolous or forfeited. *Stewart,* 915 F.2d at 576–77. That certification will prevent the divestiture of district court jurisdiction. *Id.* at 576. Appellant may then move this court for a stay pending appeal, asserting that the district court's finding of frivolousness is not supported by the record. *Hines,* 689 F.2d at 937. If this court determines that the appeal is not frivolous, we will stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration. *Id.*

Mr. McCauley failed to argue before the district court that Halliburton's § 16(a) appeal was either frivolous or forfeited.[2]

---

1. We note that we are not talking about constitutional or statutory jurisdiction, but rather "a judge-made doctrine, designed to promote judicial economy and avoid . . . confusion and inefficiency." 20 MOORE'S FEDERAL PRACTICE § 303.32[1] (3d ed.2004).

2. As we made clear in *Stewart v. Donges,* 915 F.2d 572, 577 (10th Cir.1990), we will not consider for the first time on appeal an argument that divestiture should be precluded because the appeal is frivolous. In any event,

Consequently, the district court was divested of jurisdiction by Halliburton's filing of its notice of appeal. We therefore **GRANT** Halliburton's motion to stay proceedings in the district court pending the appeal of the denial of its motion to compel arbitration.

Mr. McCauley did not make such an argument to us.