ACCEPTED
03-15-00157-CV
4768812
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/6/2015 11:45:47 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00157-CV

**In the Third District Court of Appeals**
**Austin, Texas**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/6/2015 11:45:47 AM
JEFFREY D. KYLE
Clerk

**ARAMARK UNIFORM & CAREER APPAREL, LLC,**
*Appellant,*

**v.**

**AGENTEK, INC.,**
*Appellee.*

On Appeal from the 98th Judicial District Court
Travis County, Texas
Cause No. D-1-GN-14-005219

**AGENTEK, INC.'S RESPONSE TO ARAMARK'S MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL**

Agentek, Inc. ("Agentek") files this response to Aramark Uniform & Career Apparel, LLC's ("Aramark") Motion to Stay.

**INTRODUCTION**

This interlocutory appeal arises from the denial of Aramark's motion to compel arbitration. Aramark now seeks to stay all district court proceedings pending resolution of this appeal, although its primary concern appears to be responding to discovery. *See* Mot. at 1 (" . . . Appellee served two sets of discovery requests on Appellant . . ."); 2 ("[A]llowing discovery to move forward in district court deprives

Appellant of the most significant benefit of its agreement to arbitrate . . ."); 5 (" . . . Appellee has served discovery requests on Appellant . . ."). As set forth below, this Court should deny Aramark's Motion to Stay.

**ARGUMENT AND AUTHORITIES**

**I.    Aramark did not seek its requested relief in the trial court.**

As an initial matter, Aramark argues that Texas Rule of Appellate Procedure 29.5(b) prohibits the district court from making any orders that "interfere[] with or impair[] the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." Mot. at 2 (quoting TEX. R. APP. P. 29.5(b)). But here, Aramark did not seek its requested relief from the trial court before filing its motion to stay in these appellate proceedings. Thus, there is no district court order at stake, and Rule 29.5(b) does not come into play.

Aramark correctly notes that Texas Rule of Appellate Procedure 29.3 permits this Court to make "any temporary orders necessary to preserve the parties' rights until disposition of the appeal . . ." TEX. R. APP. P. 29.3. To the extent this Court considers Aramark's motion proper under Rule 29.3, the motion should be denied because, contrary to Aramark's assertions, a stay of trial court proceedings is not necessary to preserve Aramark's rights.

## II. The relevant factors do not weigh in favor of a stay.

Four factors are relevant in deciding whether to grant a stay in these circumstances. First, is a stay of a trial, or other proceedings, mandated by statute during the pendency of the interlocutory appeal? Second, will the disclosing party be harmed if the stay is not granted? Third, will the requesting party suffer prejudice if the stay is granted? And fourth, does public policy weigh in favor of a stay? In this case, a stay is not mandated; Aramark will not be harmed by participating in the litigation; Agentek will be prejudiced by unnecessary delay if the stay is granted; and public policy does not weigh in favor of a stay. Therefore, this Court should deny Aramark's motion.

### A. A stay is not mandated.

In support of its position, Aramark notes that both the TAA and the FAA provide for the interlocutory appeal of an order denying a motion to compel arbitration. Mot. at 2. But that is not the issue here. The issue is whether trial court proceedings (namely, discovery) should be stayed pending that appeal. Texas law specifically provides for an automatic stay of the underlying suit pending resolution of interlocutory appeals in *some* instances. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 51.014(b) (certain interlocutory appeals governed by section 51.014 stay "all other proceedings in the trial court pending resolution of that appeal"). Importantly, this is not one of those instances.

This interlocutory appeal is brought pursuant to Texas Civil Practice & Remedies Code section 171.098, which specifically provides for the interlocutory appeal of an order denying an application to compel arbitration. TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1). Unlike section 51.014, section 171.098 does not expressly require a stay of litigation during the interlocutory appeal of an order denying arbitration. *See* TEX. CIV. PRAC. & REM. CODE § 171.098; *see also Rogers v. State*, No. 03-12-00078-CV, 2012 WL 935623, at *1 (Tex. App.—Austin Mar. 14, 2012) (order) (denying emergency motion to stay portion of litigation pending resolution of interlocutory appeal of order denying motion to compel arbitration). This appeal is also brought pursuant to Texas Civil Practice & Remedies Code section 51.016, which provides that a person may take an interlocutory appeal of an order denying a motion to compel arbitration under the FAA. TEX. CIV. PRAC. & REM. CODE § 51.016. Neither that statute, nor the federal statute on which it relies, 9 U.S.C. § 16(a)(1), provides for an automatic stay.

The absence of a mandatory stay is a compelling reason to deny a stay here. Texas courts of appeals deciding this issue often look to whether a stay is in any way required by Texas law. *See, e.g.*, *In re I-10 Colony, Inc.*, No. 01-14-00775-CV, 2014 WL 7914874, at *2 (Tex. App.—Houston [1st Dist.] Feb. 24, 2014, orig. proceeding) (mem. op.) (finding, in mandamus case, that trial court's order compelling discovery was abuse of discretion because the Legislature had provided for a stay of "all

proceedings" in the interlocutory appeal of a motion to dismiss under the Texas Citizens' Participation Act); *In re Lumsden*, 291 S.W.3d 456, 462 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (finding, in mandamus case, that trial court abused its discretion in refusing to stay discovery because, while section 51.014 did not require a stay of discovery (only commencement of trial), section 74.351(s)—which requires a stay of discovery in the trial court when an inadequate expert report has been filed—mandated a stay during pendency of the interlocutory appeal).

Not only is no automatic stay required here, but the Texas Rules of Appellate Procedure specifically recognize that "[w]hile an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders . . . ." TEX. R. APP. P. 29.5. Moreover, "[i]f permitted by law, the trial court may proceed with a trial on the merits." *Id*. Because a stay is not mandated by statute, the trial court is specifically permitted to proceed with the litigation. The trial court may not make an order "that interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal," but, as explained above, no order of the district court is at stake here. On this ground alone, Aramark's motion should be denied. But additional reasons support denial of the motion as well.

**B.     Aramark will suffer no harm from participating in the litigation.**

While it may make sense to stay discovery, or the litigation, pending resolution of an interlocutory appeal when continuation of the case may cause the movant harm, that is not the case here. In *In re I-10 Colony*, a mandamus proceeding, the court held that the benefit of enforcing the mandated stay outweighed any detriment in doing so because if the financial information that was the subject of the discovery order were disclosed while the interlocutory appeal was pending and the disclosing party was to later succeed in the interlocutory appeal, its financial information "will have been disclosed needlessly and the effectiveness of the relief sought on appeal will have been impaired." 2014 WL 7914874, at *3.

In *In re Lumsden*, a physician sought mandamus relief from an order denying his request to stay discovery pending the resolution of an interlocutory appeal challenging the adequacy of the plaintiff's expert report in a health care liability claim. 291 S.W.3d at 458 (citing TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9)). The trial court in that case had stayed the trial, as required by statute, but refused to stay discovery while the interlocutory appeal was pending. *Id*. As explained above, the *Lumsden* court found that a stay was mandated by section 74.351(s), which requires a stay of discovery in the trial court when an inadequate expert report has been served. *Id*. at 460-62. The court of appeals further held that mandamus relief was appropriate because undue expense and duplication of discovery would result if

depositions were not stayed—once the health care defendants were deposed, the error could not be cured. *Id.* (noting that depositions cannot be "untaken"). Moreover, the relator stood to lose a substantial right—its right to a *mandatory* discovery stay under section 74.351(s)—if discovery were permitted to go forward. *Id.*

None of the factors deemed relevant by the courts above is present in this case. First, as discussed above, no statutorily-required stay is at issue. Second, Aramark will suffer no harm from participation in the litigation. At present, all Aramark complains about is discovery. The propounded discovery consists solely of the disclosures authorized under Texas Rule of Civil Procedure 194.2 and 24 categories of documents pertaining to Aramark's potential claims in this suit. Resolution of the interlocutory appeal will not end this dispute between the parties. Even if it were eventually determined that arbitration was appropriate in this case—which it is not— no harm will befall Aramark due to its participation in this discovery. Aramark has presented no evidence that responding to discovery (or otherwise participating in the litigation) will cause it harm, or that the discovery obtained in the trial court proceedings could not be used at arbitration. *See, e.g., In re ReadyOne Indus., Inc.*, 294 S.W.3d 764, 773 (Tex. App.—El Paso 2009, no pet.) (finding, in waiver case, no evidence that discovery already obtained in litigation could not be used in arbitration and no evidence that matters discovered would not be attainable in

arbitration); *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704-05 (Tex. 1998) (finding no waiver of arbitration unless party was required to produce evidence that would not be discoverable in arbitration; "AAA rules allow arbitrators to arrange for 'production of relevant documents and other information'").

**C.    Granting a stay will prejudice Agentek and needlessly prolong litigation that has already been substantially delayed by Aramark.**

Finally, staying discovery pending the outcome of this interlocutory appeal would prejudice Agentek and prolong the already-tortured history of this case. Below is a brief summary of the delays faced by Agentek in this suit, and Agentek's continued effort to discern the true basis of Aramark's complaint against it:

- Aramark filed this arbitration in May 2012. The whole substance of Aramark's allegations are contained in two cursory sentences: "Claimant seeks the release of software source code and related materials being held in escrow by Respondent Iron Mountain Intellectual Property Management for the benefit of Claimant. Claimant also seeks damages currently estimated at $250,000 from Respondent Agentek, Inc. based on Agentek's breach of a software license and support agreement with Claimant."

- Shortly after Agentek received Aramark's arbitration demand, the parties agreed to try and resolve their dispute, and the AAA placed the arbitration in abeyance via letter dated June 28, 2012.

- The arbitration remained in abeyance throughout 2012.

- In June 2013, Aramark paid a $300.00 fee to continue holding the matter in abeyance.

- The matter continued to be held in abeyance until June 2014, when Aramark notified the AAA that it desired to reactivate the arbitration.

- Instead of proceeding with the arbitration, however, the parties agreed to conduct a mediation. The mediation was initially scheduled for August 2014, but was postponed twice and was not conducted until December 2014. The mediation did not result in a settlement.

- On December 15, Agentek filed its original petition against Aramark in Travis County, Texas District Court.

If granted, the stay will once again delay Agentek's ability to discern the basis of Aramark's claims against it and needlessly delay resolution of those claims.

### D.     Public policy does not weigh in favor of a stay.

Aramark argues that the public policy weighs in favor of a stay due to the public interest in conserving judicial resources and the strong state and federal policies in favor of arbitration. Mot. at 2. But public policy also favors efficient resolution of disputes. Moreover, both state and federal law essentially have already

weighed in on this public policy argument by refusing to mandate a stay in this instance. Because neither law mandates a stay—as is required in certain other interlocutory appeals—it cannot be said that policy weighs in favor of a stay here.

## III. Federal law does not change the result.

As noted by Aramark, federal law does not control here. Even if it did, federal law, like Texas law, does not uniformly mandate a stay pending resolution of an interlocutory appeal of an order denying a motion to compel arbitration. Thus, the reasoning above supports the denial of Aramark's requested stay even under the FAA.

As Aramark recognizes, there is a split in the circuits regarding whether the filing of an interlocutory appeal pursuant to Section 16(a) of the FAA automatically deprives the trial court of jurisdiction to proceed until the appeal is determined. *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 907-09 (5th Cir. 2011). The Second, Fifth, and Ninth Circuits refuse to recognize an automatic stay. *See Weingarten*, 661 F.3d at 907-09; *Motorola Credit Corp. v Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). The Third, Fourth, Seventh, Tenth, and Eleventh Circuits have imposed an automatic stay. But in doing so, those courts rely on the rule that a district court is *divested of jurisdiction* of the power to proceed with "aspects of the case that have been transferred to the court of appeals." *McCauley v. Halliburton Energy Servs.,*

*Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005) (emphasis added) (internal quotation and citation omitted). These courts hold that, because the underlying claims in litigation are not collateral to the issue presented by the interlocutory appeal, the litigation must be stayed. *Id*. at 1160. *See also Levin v. Alms and Assocs., Inc.*, 634 F.3d 260, 264-66 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997).

The Fifth Circuit has appropriately rejected this reasoning, holding that no automatic stay is required because "[a]n appeal of a denial of a motion to compel arbitration does not involve the merits of the claims pending in the district court." *Weingarten*, 661 F.3d at 909. Rather, under Fifth Circuit precedent, a federal district court should determine the propriety of a stay based on a four-factor test somewhat similar to that discussed herein. *Id*. at 910 (citing general four-factor test in determining propriety of stay pending interlocutory appeal of order denying motion to compel arbitration, including (1) whether movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether public interest favors a stay).

Importantly, the very basis of the federal opinions relied upon by Aramark—that a district court is divested of jurisdiction when there is an interlocutory appeal of the denial of a motion to compel arbitration—is inapplicable here. The Texas Rules of Appellate Procedure specifically invest the trial court with continuing jurisdiction pending the interlocutory appeal. TEX. R. APP. P. 29.5. The trial court's actions are limited, however, by the Rule's requirement that the trial court not issue an order that interferes with or impairs the jurisdiction of the appellate court or the effectiveness of relief sought. TEX. R. APP. P. 29.5(b). No such order is at issue here.

## IV. Aramark is not left without a remedy.

As set forth above, denial of Aramark's motion to stay will not subject Aramark to irreparable harm, as Aramark claims. Texas Rule of Appellate Procedure 29.5 provides that that while the trial court retains jurisdiction of the case pending the interlocutory appeal, it may not make an order that "interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." TEX. R. APP. P. 29.5(b). In the unlikely event that the trial court makes any such order—which it has not yet done—Aramark may seek relief in this Court. Until then, however, a stay is neither appropriate nor required.

## CONCLUSION AND PRAYER

Aramark is not entitled to a stay of proceedings, including discovery, pending resolution of this interlocutory appeal. A stay is not mandated, and Aramark will

suffer no harm by being made to answer the requested discovery and otherwise proceed in the litigation. Agentek and this litigation, however, will suffer from unnecessary and unfair delay if the motion is granted.

Agentek respectfully requests that this Court deny Aramark's motion to stay.

Respectfully submitted,

/s/ Anna M. Baker
Anna M. Baker
State Bar No. 00791362
abaker@adjtlaw.com
Alexander Dubose Jefferson &
Townsend LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303

W. Reid Wittliff
State Bar No. 00791951
reid@wittliffcutter.com
Wittliff Cutter, PLLC
1803 West Ave.
Austin, Texas 78701
Telephone:  (512) 874-6102
Facsimile:  (512) 874-7138

Kristen Darnell Battani
State Bar No. 24082221
kristy@wittliffcutter.com
Wittliff Cutter, PLLC
1803 West Ave.
Austin, TX 78701
Telephone:  (512) 270-0267
Facsimile:  (512) 874-7138

**ATTORNEYS FOR AGENTEK INC.**

## CERTIFICATE OF SERVICE

On April 6, 2015, I electronically filed this Response to Motion to Stay with the Clerk of the Court using the eFile.TXCourts.gov electronic filing system which will send notification of such filing to the following (unless otherwise noted below).

Daniel L. Alexander
State Bar No. 24058225
daniel@colemanfrost.com
Coleman Frost LLP
429 Santa Monica Blvd., Suite 700
Santa Monica, California 90401

*Attorney for Aramark Uniform & Career Apparel, LLC*

/s/ Anna M. Baker
Anna M. Baker

## CERTIFICATE OF COMPLIANCE

Based on a word count run in Microsoft Word 2013, this brief contains 2777 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Anna M. Baker
Anna M. Baker