**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ELET VALENTINE,

    Plaintiff - Appellant,

v.

THE PNC FINANCIAL SERVICES
GROUP, INC.; PNC BANK, NATIONAL
ASSOCIATION, a/k/a PNC Bank, NA;
PNC MORTGAGE,

    Defendants - Appellees.

Nos. 19-1007 & 19-1466
(D.C. No. 1:18-CV-01934-CMA-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Elet Valentine, appearing pro se, appeals from the district court's orders

denying her motion for a preliminary injunction (No. 19-1007) and dismissing her

action with prejudice as a sanction (No. 19-1466). Exercising jurisdiction under

28 U.S.C. § 1291, we affirm the order in No. 19-1466 and dismiss No. 19-1007 as

moot.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

This case arises from a dispute between Ms. Valentine and PNC Financial Services Group, Inc., PNC Bank, N.A., and PNC Mortgage (collectively "PNC") concerning her default on a residential mortgage loan and subsequent foreclosure proceedings. In 2018, a Colorado state court issued an order authorizing the sale of Ms. Valentine's home. While the foreclosure proceedings were pending, Ms. Valentine filed suit in the United States District Court for the District of Colorado alleging eleven claims for relief. She also asked the court to issue a preliminary injunction to prevent the sale of her home and require PNC to preserve documents pending determination of the merits. The court denied the motion, and Ms. Valentine appealed, which is No. 19-1007 (the "Injunction Appeal").

Following the denial of preliminary injunctive relief, PNC sold the property and moved to dismiss the Injunction Appeal as moot. Immediately thereafter, Ms. Valentine filed an amended notice of appeal in which she attempted to appeal from several procedural orders. PNC moved to dismiss the amended notice arguing that none of the orders were final and therefore could not be appealed.

While the Injunction Appeal was pending, PNC filed a motion to dismiss Ms. Valentine's amended complaint. The magistrate judge issued a recommendation to dismiss all claims except Ms. Valentine's breach of contract claim. The magistrate judge further rejected Ms. Valentine's argument that the pending Injunction Appeal divested the court of jurisdiction. The district court adopted the recommendation, noting Ms. Valentine did not challenge the magistrate judge's substantive analysis;

2

instead, she continued to maintain the pending Injunction Appeal divested the court of jurisdiction.

Shortly thereafter, the magistrate judge set a status conference and asked PNC to take the lead in preparing a draft proposed scheduling order. Days later, Ms. Valentine filed yet another amended notice of appeal in the Injunction Appeal in which she tried to expand the scope of the appeal to include the district court's order to dismiss all but one of Ms. Valentine's claims. This court deemed the amended notice was a new appeal and assigned it No. 19-1350 (the "Second Appeal").

In the meantime, Ms. Valentine refused to follow the magistrate judge's order to work with PNC to develop a scheduling order. Despite Ms. Valentine's failure to participate, PNC timely filed a proposed order and further asked the court to find the Second Appeal was frivolous.

On the day set for the status conference, the magistrate judge waited fifteen minutes after the scheduled start time, but Ms. Valentine failed to appear. He set a further conference in three weeks and warned Ms. Valentine she must appear or risk dismissal of her suit.

A few days later, the district court entered an order certifying the Second Appeal as frivolous: "Because it is obvious [that an order dismissing some but not all of Ms. Valentine's claims] is not appealable, the Court hereby certifies the [Second Appeal] as frivolous. As a result, this Court retains jurisdiction to consider the merits of this case." No. 19-1466, R., Vol. 5 at 114 (footnote omitted).

3

Undeterred, Ms. Valentine filed motions to reconsider the magistrate judge's order setting a further status conference and the court's order certifying the Second Appeal as frivolous. The court denied both motions, explaining once again that it had jurisdiction, and issuing another warning to Ms. Valentine to comply with the court's orders or face dismissal.

When Ms. Valentine failed to appear at the second status conference, the magistrate judge entered a written recommendation to dismiss the case with prejudice. The district court overruled Ms. Valentine's objections and adopted and affirmed the recommendation. As backdrop, the court outlined Ms. Valentine's failure to comply with the court's orders and "meaningfully engage in the litigation process," along with her refusal to "accept any interpretation of the law other than her own." *Id*. at 196. "The Court has had enough." *Id*. at 197.

Using the five factors announced in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)—namely "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions" (internal quotation marks, ellipsis, and citations omitted)—the district court determined dismissal as a sanction was appropriate.

As to the first factor, the court noted Ms. Valentine's "conduct has resulted in substantial prejudice to [PNC]," No. 19-1466, R., Vol. 5 at 199. "[PNC] ha[s] been diligent in [its] attempt[] to bring this litigation to a close, but these efforts have been

4

stymied by Ms. Valentine's disregard for hearings and Court Orders." *Id*. (internal quotation marks omitted). "In addition to being deprived of any finality in this matter, [PNC] ha[s] also expended considerable resources in what has become a futile effort to move this case forward." *Id*. at 199-200.

Regarding the second factor, the court found Ms. Valentine's "conduct has stalled the judicial process." *Id*. at 200. "[Ms. Valentine's] refusal to comply with court orders has inhibited the Court's ability to perform straightforward tasks." *Id*. "Moreover, [her] refusal to recognize this Court's authority to interpret the law has forced the Court to expend valuable time in an unnecessary and repetitive exercise of explaining to [her] why her frivolous arguments regarding this Court's jurisdiction are incorrect." *Id*. "This Court has limited resources and an extensive docket. Accordingly, the consequences that result from [Ms. Valentine's] ongoing interference with the judicial system cannot be understated." *Id*.

Considering the third factor, the court found Ms. Valentine "is culpable for her conduct," noting "[e]ven after [she] filed her second Notice of Appeal and stopped appearing at proceedings . . . [the] Magistrate Judge . . . and this Court provided [her] with multiple detailed explanations of the legal principles that refute her position regarding . . . jurisdiction." *Id*. "Nevertheless, [Ms. Valentine] has remained obstinate, and her choice to maintain her strategy under the circumstances shows that her conduct is intentional." *Id*.

As to the fourth factor, the court found Ms. Valentine "had ample notice of the possibility of dismissal due to her conduct." *Id*. at 201. And regarding the final

5

factor, the court found "[s]anctions less than dismissal with prejudice would not be effective," noting an award of attorney fees against Ms. Valentine "based on her frivolous attempt to remove a [separate] case to federal court" was an ineffective deterrent against her "insistence on pursuing arguments even after they have been demonstrated to be frivolous." *Id.* The Court also found "that sanctions other than dismissal with prejudice are unlikely to change what [the] Magistrate Judge . . . correctly described as [Ms. Valentine's] willful bad faith in repeatedly disregarding the Court's rules and orders." *Id.* (internal quotation marks omitted).

Ms. Valentine filed a notice of appeal from the district court's entry of a final judgment dismissing the case as a sanction, which is No. 19-1466 (the "Sanction Appeal"). Shortly thereafter, this Court dismissed the Second Appeal for lack of jurisdiction.

## SANCTION APPEAL

"The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference . . . and for failing to comply with court rules or any order of the court." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules." *Id.* "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918. The district court considered

6

the relevant factors in deciding to dismiss Ms. Valentine's case, and its decision was not an abuse of discretion.

But Ms. Valentine does not challenge the merits of the district court's sanction order; instead, she maintains the court lacked jurisdiction to enter any orders upon the filing of her Injunction Appeal and Second Appeal, including the sanction order. Ms. Valentine is mistaken.

An appeal from an interlocutory order denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the underlying action on the merits. *See Colorado v. Idarado Mining Co.*, 916 F.2d 1486, 1490 & n.2 (10th Cir. 1990). Likewise, "so long as the district court takes the affirmative step of certifying an appeal as frivolous or forfeited, it retains jurisdiction." *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005). Because the court certified Ms. Valentine's Second Appeal as frivolous, it retained jurisdiction.

Last, Ms. Valentine incorporates by reference her arguments in a proposed supplement to her opening brief in the Injunction Appeal concerning eight alleged procedural errors committed by the district court. Whether to accept the proposed supplement was referred to this panel. We grant Ms. Valentine's motion to file the proposed supplement but deny the arguments in view of our ruling on the dispositive issue—the district court did not abuse its discretion in dismissing Ms. Valentine's case as a sanction for her failure to comply with the court's orders. The issues in the supplement, which include whether PNC's motion to dismiss was timely filed and whether the court properly denied Ms. Valentine's motion to file a second amended

7

complaint, do not "affect the outcome[,]" and therefore, "[w]e will not undertake to decide [them]." *Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991).

## INJUNCTION APPEAL

Ms. Valentine's appeal from the denial of the preliminary injunction is mooted by the fact that the district court proceeded to adjudicate the underlying action on the merits. When a court proceeds to adjudicate the merits of the underlying action and enters a final judgment, an appeal from the denial of a preliminary injunction is moot because a preliminary injunction is by its nature a temporary measure intended to furnish provisional protection while awaiting a final judgment on the merits. *See United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988).

## CONCLUSION

We affirm the district's court's order in No. 19-1466. We deny Ms. Valentine's motion to reconsider this court's order denying her motion to consolidate.

We dismiss No. 19-1007 as moot. We grant Ms. Valentine's motions to file a supplement to her opening brief and to extend the time for filing that supplement, and we direct the Clerk to file the supplement as of the date it was received. We deny Ms. Valentine's motions to: (1) reconsider this court's order to supplement the record; (2) preserve the record; (3) oppose PNC's entry of appearance; and

8

(4) reconsider this court's order denying her motion to consolidate. We deny PNC's

motions to dismiss the appeal and amended notice of appeal as moot.

Entered for the Court


Allison H. Eid
Circuit Judge